In re Mark T. PENNY and Mary F. Penny, Bankrupts,

and

Joe S. Major, III, Trustee.

No. C–B–311, 312.

United States District Court, W. D. North Carolina, Charlotte Division.

June 14, 1976.

Michael P. Carr, Charlotte, N.C., for petitioner.

John M. Bahner, Jr., Albemarle, N.C., for State of North Carolina.

## INJUNCTION

McMILLAN, District Judge.

The bankrupt, Mark T. Penny, has filed a motion to stay criminal proceedings currently pending against him in Stanly County, North Carolina. He alleges that he is entitled to a stay pursuant to Rule 401 of the Bankruptcy Rules because the criminal prosecution is, in effect, nothing more than a device to collect a two-year old check given for a dischargeable debt. He is entitled to relief.

28 U.S.C. § 2283 prohibits this court from enjoining state court proceedings unless the injunction is expressly authorized by Act of Congress, necessary in aid of this court's jurisdiction, or to protect or effectuate its judgments. If Rule 401, and 11 U.S.C. §§ 29(a), 32(f)(2), and 35(c)(4), upon which the rule is based, provide authority for a stay, the requirements of § 2283 are met. Furthermore, regardless of Rule 401, if the criminal proceedings will frustrate the jurisdiction of the bankruptcy court, the requirements are likewise met.

Rule 401 provides for the stay of any action founded on a dischargeable debt. The facts which follow show clearly that the criminal action was founded on a dischargeable debt.

On November 19, 1973, Penny and a man named Bobby Barbee gave an unsecured note to the First National Bank of Albemarle, North Carolina, for $12,011.00. *On the same day,* Penny gave a check to Barbee for $11,000.00, to secure Barbee in the event of default on the note.

In February, 1974, and again in March, 1974, Barbee presented the check to the bank for payment, and it was dishonored for want of sufficient funds. Barbee did nothing.

On March 6, 1975, Penny filed a voluntary petition in bankruptcy. Subsequently, the bank called upon Barbee to honor the note. He apparently did, and took an assignment of the bank's rights under the note.

On November 17, 1975, Barbee swore out a criminal warrant against Penny on a bad check charge based on the check above-described. Penny was tried, pleaded not guilty, and was convicted of the bad check charge on January 20, 1976.

Several facts in particular indicate that this action was a subversion of the criminal laws to collect on a debt:

1. Penny was sentenced to six months imprisonment, to be suspended on payment of $11,000.00 to the Clerk of Court for the use and benefit of Barbee.

2. Penny was prosecuted in criminal court by John Bahner, a lawyer privately retained by Barbee.

3. Although given notice of the hearing on Penny's motion to stay the proceedings, neither the District Attorney for Stanly County nor any representative of the North Carolina Attorney General's office chose to appear.

4. Instead, the State was once again represented by Mr. Bahner, who was hired by Barbee.

 These facts demonstrate that the "criminal" proceedings are not designed to vindicate the rights of the people of North Carolina. They were instituted to collect a debt.

Moreover, regardless of motive, the *effect* of the proceeding is to put the bankrupt in the position of conflicting duties. On the one hand, the bankruptcy court will order him to pay only a fraction of the debt, if it is dischargeable. On the other hand, the State court has ordered him to pay it all, or go to jail.

This is exactly the situation Rule 401, and the underlying statutes, were designed to prevent. If the criminal action is allowed to proceed, the jurisdiction and judgments of the bankruptcy court will be wholly frustrated. Moreover, given the history of the matter, the criminal proceedings ought not go forward *regardless* of the sentence, or any change in it, because the same purpose could be achieved if a sentencing judge, or probation or parole officer, took repayment of the debt into account when dealing with Penny.

The only way to insure effectuation of the judgments of the bankruptcy court is to enjoin permanently criminal proceedings founded on this debt against Penny.

Of course, if the debt is ultimately found to be *not* dischargeable, no federal purpose would be served by continuing to enjoin the state prosecution, notwithstanding the court's strong opinion that such proceedings abuse the process of courts.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that all officials of the State of North Carolina, or the courts of Stanly County, North Carolina, are hereby perpetually and permanently enjoined from bringing, or continuing, criminal proceedings or execution thereon against Mark T. Penny, for any charge arising out of the events described in this order.

If the debt to Barbee is ultimately *not* discharged, this order may be re-considered on motion.