State v. Hutson

---

STATE OF NORTH CAROLINA v. RONNIE HUTSON

No. 7717SC816

(Filed 21 February 1978)

1. **Criminal Law § 143.12 — revocation of probation — sentence imposed proper**

   Where the record was not clear that the defendant was originally sentenced to more than three months in prison in a prosecution for issuing a worthless check, the trial court erred in revoking probation and activating a six month prison sentence.

2. **Criminal Law § 143.2 — expression of opinion by judge — inapplicability of statute in probation revocation hearing**

   Defendant's contention that the judge in a probation revocation hearing violated G.S. 1-180 by his questions and statement is without merit, since G.S. 1-180 imposes on trial judges the duty not to express an opinion before a jury as to whether a fact has been proved.

3. **Criminal Law § 143.10 — probation revocation hearing — restitution — sufficiency of evidence of violation**

   Where probation judgments provided that defendant would make payments of $75 per month with full restitution to be made in one year, the judgments did not mean that defendant was not in violation unless he had failed to make full payment within the year; furthermore, even if defendant did make an agreement with his probation officer that payments in a lesser amount would be made, such agreement would not be binding at the revocation hearing.

4. **Criminal Law § 143 — probation revocation hearing — petition for bankruptcy — effect on court's jurisdiction**

   Where defendant was convicted of issuing worthless checks and was placed on probation upon condition that he make full restitution, the superior court in a probation revocation hearing was not divested of jurisdiction so far as restitution was concerned because defendant had filed a petition for bankruptcy, since defendant had pled guilty to issuing worthless checks, had been found in violation of the terms of his suspended sentence and had had his probation revoked by the district court before he filed his petition in bankruptcy.

APPEAL by the defendant from *Seay, Judge.* Judgment entered 5 May 1977 in Superior Court, SURRY County. Heard in the Court of Appeals 2 February 1978.

This is an appeal by the defendant from the invocation of a suspended sentence. The defendant pled guilty in the District Court of Surry County to three charges of issuing worthless checks and no contest to one charge of the same offense. The

record is ambiguous as to the original sentence imposed in Case No. 75CRS8798. The entry on the back of the warrant shows the defendant pled no contest on 27 January 1976 and received a sentence of three months suspended for one year on condition that the check be paid by 15 March 1976. The jacket in which the papers were filed in Surry County has an entry on it which shows that prayer for judgment was continued on 27 January 1976 on condition that the check be paid by 15 March 1976. On 27 May 1976, probation judgments in all four cases were signed by Judge Van Noppen. The defendant was given six months in each case with the sentence in 75CRS8798 to commence at the expiration of the sentence imposed in 75CRS8999, the sentence in 75CRS9000 to commence at the expiration of the sentence imposed in 75CRS8798 and the sentence imposed in 75CRS9215 to commence at the expiration of the sentence imposed in 75CRS9000. The sentences were suspended and the defendant was placed on probation for two years. Each probation judgment provided:

"Check and Cost to be paid by 5/27/77; Pay $75.00 per month under the supervision of the probation officer until he determines that more can be paid each month."

On 29 December 1976, probation was revoked in the District Court of Surry County and all the active sentences were put into effect. The defendant gave notice of appeal to the Superior Court and on 5 May 1977, Judge Seay signed orders revoking probation in all cases and activating the suspended sentences.

The defendant has appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Jesse C. Brake, for the State.*

*Billings and Billings, by W. Joseph Burns, for the defendant appellant.*

WEBB, Judge.

[1] The defendant contends his sentence should not have been made active for six months in Case No. 75CRS8798 and we believe this contention has merit. Since the record is not clear that the defendant was originally sentenced to more than three months in prison, we hold that the judgment invoking the sentence in this case be vacated. Case No. 75CRS8798 is remand-

ed to the Superior Court of Surry County for the imposition of a sentence not to exceed three months.

[2]   The defendant by his second assignment of error contends that Judge Seay violated G.S. 1-180 by his questions and statement during the hearing in Superior Court. G.S. 1-180 imposes on trial judges the duty not to express an opinion before a jury as to whether a fact has been proved. Since it applies only to jury trials, it has no application in this case. We note that we have found nothing improper in Judge Seay's questions or statements at the Superior Court hearing.

[3]   By his third assignment of error, the defendant challenges Judge Seay's finding of fact number 3A. This finding of fact is as follows:

"That when placed on probation, the defendant was ordered to pay the cost of the Court action and restitution at a rate of $75.00 per month under the supervision of the probation Officer but before May 27, 1977. The defendant has failed to comply with the Judgment of the Court in that he has not made any of these $75.00 per month payments as ordered."

The defendant contends that by the terms of the probation judgment he was not in violation unless he had failed to make full payment by 27 May 1977. The defendant also contends this finding of fact is incorrect because after probation had been revoked in the District Court and while the case was on appeal to the Superior Court, the defendant made a new arrangement for restitution with the probation officer, which was not violated by the defendant. We believe both of these contentions are without merit. Each of the four probation judgments provided that the defendant would make payments of $75.00 per month with full restitution to be made by 27 May 1977. We do not read the judgments to mean the defendant could not violate probation before 27 May 1977, so far as restitution was concerned. As to an agreement between the defendant and the probation officer that payments in a lesser amount would be made, it is not clear from the record that there was such an agreement; but if there were, we hold that it would not be binding at the revocation hearing.

[4]   The defendant also contends that the Court was divested of jurisdiction so far as restitution was concerned because he had

filed a petition for bankruptcy. The defendant relies on *In re Penny*, 414 F. Supp. 1113 (W.D.N.C. 1976). We believe that case is distinguishable. In the *Penny* case, the defendant was declared bankrupt before he was charged in a warrant with issuing a worthless check. He had listed his liability on the check in his petition for bankruptcy and was under order of the federal court not to pay it except under the supervision of the bankruptcy court. In this case, the defendant did not file his petition for bankruptcy until several months after he had pled guilty in the District Court of Surry County to issuing the worthless checks. He had been found in violation of the terms of his suspended sentence and his probation had been revoked by the District Court before he filed a petition in bankruptcy. The revocation of this suspended sentence in no way interfered with the order of the bankruptcy court since there was no such order at the time probation was revoked.

In Case No. 75CRS8798, judgment vacated and cause remanded.

Affirmed in Cases No. 75CRS8999, No. 75CRS9000, and No. 75CRS9215.

Judges BRITT and HEDRICK concur.