In the Matter of Ronald Roe BARTH and Allegra Darlene Barth, Debtors.

Ronald Roe BARTH and Allegra Darlene Barth, Plaintiffs,

v.

James A. BROSHOT, Prosecuting Attorney of Caldwell County, and Robert Hufft, d/b/a Hufft Oil Co., Defendants.

Bankruptcy No. 80–00641–SJ.
Adv. No. 80–0114–3.

United States Bankruptcy Court,
W. D. Missouri, W. D.

April 18, 1980.

Ezra Borntrager, Kansas City, Mo., for plaintiffs.

James A. Broshot, Prosecuting Atty., Kingston, Mo., pro se.

Ely & Goddard, Hamilton, Mo., for Robert Hufft.

## ORDER DIRECTING THE RESPONDENT BROSHOT TO FILE A SUPPLEMENTAL RESPONSE TO THE SHOW CAUSE ORDER

DENNIS J. STEWART, Bankruptcy Judge.

On the basis of a complaint for injunction filed by the plaintiffs, the court of bankruptcy formerly issued its order to the named defendants, directing that they show cause why the relief prayed for by the plaintiffs should not be granted on the basis of the facts alleged herein.

In so doing, the court did not purport to issue any temporary restraining order or preliminary injunction which required compliance with the provisions of Rule 65 of the Federal Rules of Civil Procedure or its counterparts governing adversary actions in bankruptcy. Nor did the court seek, by means of issuing the show cause order, to assert with any finality its jurisdiction to enjoin the pending state court prosecution as prayed by the plaintiffs. Rather, the court sought to assert its jurisdiction only for the purpose of determining, on the basis of the prospective factual issues, whether it in fact had jurisdiction. It is beyond question that a court has

jurisdiction to determine whether it has jurisdiction over a certain controversy.[1]

Therefore, in issuing its show cause order specifically calling for a factual response,[2] the court sought to ease the burden on the respondents by preliminarily determining on the basis of appropriate factual statements the presence or absence of jurisdiction without the necessity for holding a hearing if it could be demonstrated that no factual issues exist. Thus, if the uncontradicted factual contentions should demonstrate the absence of jurisdiction, the action at bar might be dismissed without the necessity of a hearing.[3]

■ Rather than respond to the factual issues in respect of which a response was invited, however, the respondent now complains that the court has issued relief without having any verified facts before it.[4]

The mere issuance of a show cause order, however, has never been regarded as a form of relief which must be based upon verified allegations. Rather, it can be most conveniently utilized to secure the factual contentions of the parties preliminary to determining whether a hearing is necessary.[5] And, in this case, as noted above, the procedure was sought to be utilized as a device which might obviate inconvenience to the parties in the event the court should, on the basis of the factual contentions, decline jurisdiction.

■ As another ground for dismissal of the action at bar, the respondent cites authority which has no application when the state prosecution may interfere, as plaintiffs contend in the case *sub judice*, with a matter unquestionably within the compass of federal jurisdiction.[6]

1. "Supreme Court decisions have now made it clear that the bankruptcy court has power in the first instance to determine whether it has jurisdiction to proceed. Moreover, any determination concerning its own jurisdiction, even though erroneous, is *res judicata* in a subsequent collateral proceeding . . . Of course, in every case, the issue of jurisdiction may be raised by proper direct attack in the district court or on appeal." 1 Collier on Bankruptcy, para. 2.05, pp. 150, 151, 152 (1978).

2. Pertinently, it was observed in the show cause order that "the *Penny* decision (414 F.Supp. 1113 (W.D.N.C.1976)) is dependent upon the attendant facts and circumstances, including . . . the factual question of whether the indebtedness is dischargeable in bankruptcy. See and compare *In re Porter*, 462 F.Supp. 370, 373 (E.D.Ark.1978). Therefore, the respondents should be granted an opportunity to respond to the factual assertions of the petitioners and to state facts and contentions which would disprove the petitioners' allegation before an initial determination of this matter is made."

3. See note 2, *supra.*

4. Thus, in the response to the show cause order, which response was filed herein on April 17, 1980, the respondent Broshot complains that the show cause order was issued "(b)ased upon the Petitioner's unverified Complaint and with a finding that Court had jurisdiction to issue such an order under *In re Penny*, 414 F.Supp. 1113 (W.D.N.C.1976) . . . ."

5. Use of a show cause order as a procedure to ascertain the factual contentions of the parties

preliminary to determining whether a hearing is necessary has long been recognized and approved. See, e. g., *Walker v. Johnston*, 312 U.S. 275, 284, 61 S.Ct. 574, 578, 85 L.Ed. 830 (1941), to the following effect: "Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer. By this procedure the facts on which the opposing parties rely may be exhibited, and the court may find that no issue of fact is involved. In this way useless . . . production . . . of witnesses may be avoided where from undisputed facts or from incontrovertible facts, . . . it appears, as a matter of law, no cause for granting (relief) exists . . . ."

6. The respondent advances the fundamental proposition that "(t)he authority of this court, like any other Federal Court, to proceed to enjoin proceedings in a state court is governed by 28 U.S.C. § 2283 . . . which (pertinently) provides (that) . . . 'A Court of the United States may not grant an injunction to state proceedings in a state court except as expressly authorized by Act of Congress.' " In this case, however, the petitioning plaintiffs do not purport to request a stay of the state *court* itself, but rather of the named respondents from prosecuting the proceedings in the state court. Further, even if this proceeding can be deemed one brought for the purpose of enjoining a state court prosecution, section 105 of the Bankruptcy Code grants the court of bankruptcy power to issue such an injunction. Section 105 "is . . . an authorization, as required under 28 U.S.C. [section] 2283 for a court of the United States to stay the action of a state

■ It is only conclusionarily and seemingly in passing that the relevant and material factual contention is mentioned to the effect that the plaintiffs, in issuing the checks which are the subject of the state court prosecution, made concurrent false representations to the effect that their bank account (on which the checks were drawn) contained sufficient funds to honor the checks thus issued.[7] If this factual allegation is true, then the liability thereby created may be regarded as nondischargeable in bankruptcy[8] and the state prosecution should accordingly not be enjoined in accordance with the authorities which properly govern this issue.[9]

■ Therefore, the respondent will be invited to file a supplemental response in which an offer of proof is contained, by affidavit or otherwise, in which the species of proof is identified[10] by means of which it can be shown that the plaintiffs concurrently, in issuing the checks in question, made the misrepresentation concerning the suffi-ciency of their bank account to honor the checks.

If the offer of proof is properly made and cannot in good faith be contradicted by the plaintiffs, dismissal of this action without a hearing would be proper.[11]

It is therefore, for the foregoing reasons,

ORDERED that the respondent Broshot, within 15 days of the date of entry of this order, file his supplemental response to the show cause order containing a proper offer of proof in written form as described above.

court." Legislative History of section 105, Title 11, United States Code. Of course, during the transition period, if it should be found that injunctive relief against the *court* itself is the only possible means of effectively granting the relief requested, the district court, sitting in bankruptcy, must issue the injunction. See section 405(a)(1), Bankruptcy Reform Act of 1978. If that contingency develops in this action, the court of bankruptcy may certify this case to the "civil docket of the district court" as provided by Rule 915(b) of the Rules of Bankruptcy Procedure. But, if it is shown, in response to this order, that the indebtedness here involved is nondischargeable in bankruptcy, that step may be obviated.

7. To the argumentative brief which was filed, the respondent has attached the minutes of the preliminary examination in the state court prosecution. *Inter alia*, they recite that "the defendants represented to Robert Hufft when each of the two checks, as the checks were signed and delivered, that the checks would be paid by the drawee bank . . ." If this is so, the liability thereby created would be nondischargeable in bankruptcy under the provisions of section 523(a)(2)(A) of the Bankruptcy Code. See, e. g., *Blue Bonnet Creamery, Inc. v.*

*Gulf Milk Ass'n*, 172 So.2d 133, 141 (La.App. 1965) ("It must be conceded (that) an obligation arising from property obtained by the issuance of worthless checks is dischargeable in bankruptcy unless the debtor was guilty of misrepresentation with intent to defraud in connection with the issuance of such checks.")

8. See note 7, *supra.*

9. If the liability is not dischargeable, the state prosecution cannot be regarded as imposing "conflicting duties" upon the bankrupts as were deemed to warrant relief in *In re Penny*, 414 F.Supp. 1113 (W.D.N.C.1976). Thus, the state prosecution clearly could proceed without any conceivable interference in bankruptcy jurisdiction and administration.

10. On the issues of dischargeability, the state court findings are not binding and the bankruptcy court is obliged to make its own findings. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Mountjoy*, 368 F.Supp. 1087 (W.D.Mo.1973).

11. See Rule 756 of the Rules of Bankruptcy Procedure.