Rockingham
No. 86-401

TOWN OF EPPING

v.

DANIEL HARVEY

August 19, 1987

*Charles H. Morang*, of Concord, by brief and orally, for the plaintiff.

*Peter A. Meneghin, III*, of Newmarket, by brief and orally, for the defendant.

JOHNSON, J. This appeal is from an order of the Superior Court (*Smith*, J., approving a report of the Master, *R. Peter Shapiro*, Esq.), finding the defendant to be in civil contempt and imposing a monetary penalty and continuing fines. We reverse in part and remand.

The defendant, Daniel Harvey, is the owner of a tract of land on French Road in Epping. Prior to the enactment of a zoning ordinance which regulated mobile homes and provided for their location within the town, there were four mobile homes on this tract. A conflict originated in 1983 between the plaintiff, the Town of Epping, and the defendant when the latter placed an additional mobile home on his property and caused it to be occupied.

The defendant was notified on September 28, 1983, that his continued development of the property for mobile home sites would violate Epping's land use regulations. He added a fifth mobile home on this tract in October, without a building permit, mobile home permit or subdivision approval, and was notified by the town that

he was in violation of the zoning ordinance. Subsequent to this notice, the mobile home was leased and occupied. The town commenced this action in order to compel the defendant to comply with its land use regulations and ordinances.

At the trial on the merits, the defendant argued that the land use ordinances and regulations in question were never lawfully enacted. He also argued that he should be allowed to keep and to continue using the mobile home on the above site because, with the four other mobile homes on that same property, he had established a pre-existing non-conforming use. The Trial Court (*Gray*, J.) approved the Master's report (*R. Peter Shapiro*, Esq.), which found the defendant to be in violation of the zoning ordinance and ordered him to comply with the ordinance, and deferred ruling on the imposition of a fine. The defendant filed a motion to set aside the decree, which was denied by the trial court on August 16, 1985. Thereafter, the defendant appealed to this court, and the decision below was summarily affirmed on December 16.

The town's attorney then filed a motion for imposition of fines because the defendant had failed to comply with the trial court's order. The defendant objected to this motion, and a hearing was scheduled. Before the hearing, the town moved to withdraw its motion for imposition of fines, and a group of citizens filed for and obtained intervenor status and appeared at the hearing.

The master's report, dated July 14, 1986, and approved the following day, recommended that the defendant be: (1) found in civil contempt; (2) required to pay $10,244.07, which was the amount of the town's legal fees; (3) required to remove the mobile home from his tract unless the required approvals were obtained by October 1, 1986; and (4) assessed a fine of $100 per day until he no longer remained in contempt of court. The defendant appeals this contempt finding, arguing that it is invalid and unlawful and should be stricken, along with the requirement imposed by the court to pay the $10,244.07.

■ We begin with a brief and general discussion of contempt. In 1861, this court stated that "contempt is an offense at common law—a specific and substantive offense—and distinct from the matter under investigation when it is committed; and it belongs to the court before which it is committed to punish it." *State v. Towle*, 42 N.H. 540, 544 (1861). It is clear in the case at bar that finding the defendant to be in contempt is separate and distinct from finding that he violated the town's zoning ordinances. In addition, contempt may be direct or indirect, civil or criminal.

Direct contempt is that which is committed in the presence of the court so that the court has personal knowledge of each element thereof. *Town of Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 285, 385 A.2d 851, 854 (1978). Indirect contempt, by contrast, is that committed outside the presence of the court and without the court having observed each element of the contempt. *Id.* The difference between civil and criminal contempt is the character of the punishment. The purpose of civil contempt is "remedial, coercive, and for the benefit of the complainant[,]" while the purpose of criminal contempt "is to protect the authority and vindicate the dignity of the court." *Id.* at 285, 385 A.2d 853-54. *See also* Douglas, *Civil and Criminal Contempt in New Hampshire*, 17 N.H.B.J. 13 (1975). In the case at bar, the court found the defendant in civil contempt for failing to comply with its order. Since no action was committed within the court's presence, the contempt is indirect.

The town argues that requiring the defendant to pay legal fees is clearly remedial and benefits the plaintiff. The defendant argues that the fine which amounts to the cost of attorney's fees is punitive because it is determinate and any future conduct will not relieve him of that penalty. In addition, the defendant argues that the court, on its own motion, imposed fines on the defendant and that the court's action was a sanction in the nature of criminal contempt. "Direct or indirect contempt may arise out of civil or criminal proceedings and may be punished by either a civil or criminal contempt proceeding depending largely on whether the court or a party is the movant." Douglas, 17 N.H.B.J. at 16.

"The purpose of prosecution for criminal contempt is punitive, to vindicate the 'authority and dignity' of the trial court." *Bonser v. Courtney*, 124 N.H. 796, 808, 481 A.2d 524, 531 (1984) (quoting *Scarborough v. R.T.P. Enterprises, Inc.*, 120 N.H. 707, 712, 422 A.2d 1304, 1308 (1980)). From the language of the master's report, it is apparent that the master was vindicating the authority of the court and not the rights of the parties:

> "The Superior Court does not sit as a 'Moot Court' where parties may debate topics of academic interest. It also does not render advisory opinions which may be acted upon at the whim of the parties if they deem it appropriate. The Courts have a duty and responsibility to see that its orders are complied with."

Thus, the imposition of the $10,244.07 is a sanction for criminal rather than civil contempt. *See Town of Nottingham*, 118 N.H. at 287, 385 A.2d at 855 (trial court converted a civil into a criminal contempt without following the proper procedural steps). If the trial court intended to impose sanctions upon the defendant amounting to criminal contempt, it would have to follow the procedural steps required therefor and afford certain constitutional protections to the defendant. *See id.* at 286, 385 A.2d at 854 (right of self-incrimination applies) and SUPER. CT. R. 95. Accordingly, since this was not done, we hold that the portion of the trial court's order requiring the defendant to pay $10,244.07 must be set aside.

The trial court also approved the imposition of a fine of $100 per day until the defendant complied with the town's zoning regulations. The master found that the defendant had made no meaningful effort to comply with the original order and stated that the purpose of imposing this financial sanction was to compel the defendant to observe the law. We hold that the trial court may impose a continuing fine in a civil contempt proceeding in order to coerce a defendant to comply with its order.

*Reversed in part; remanded.*

All concurred.