**In re Herman Omer ROUSSIN.**

**Herman O. ROUSSIN**

**v.**

**Michael JOHNSON.**

**Civil No. 88–522–D.**

United States District Court,
D. New Hampshire.

March 16, 1989.

Paul A. Rinden, Concord, N.H., for plaintiff.

Howard A. Helrich, Asst. County Atty., Concord, N.H., for defendant.

### MEMORANDUM OPINION

DEVINE, Chief Judge.

This bankruptcy appeal challenges the refusal of the bankruptcy judge to enjoin pending state criminal proceedings, 95 B.R. 270. For the reasons that follow, the appeal is denied, and the findings and rulings below are affirmed.

### 1. Background

Debtor/appellant Herman O. Roussin owed money to Constance Bailey Norway ("Bailey"). In 1983 Bailey obtained a judgment against Roussin in the Superior Court of Merrimack County, New Hampshire. When execution proved unsuccessful, Bailey moved for weekly payments of judgment pursuant to the provisions of New Hampshire Revised Statutes Annotated ("RSA") 524:6–a.[1]

---

**1.** At the time Bailey filed her motion, RSA 524:6–a called for "weekly" payments of judgments. It has subsequently been amended to call for "periodic" payments, but in other relevant respects, it is largely identical with its language as existed at the time of Bailey's motion, and it now provides (Supp.1987):

Whenever judgment is rendered against any person in this state, the court in which said judgment is rendered shall either at the time

Roussin failed to appear, and Bailey then petitioned for contempt. On February 5, 1985, a hearing was held, at which Roussin asserted his only asset was his Honda motorcycle. The court under the same date of February 5, 1985, issued its order directing Roussin to "take immediate steps to sell his Honda motorcycle and upon the sale of the same shall pay over the net proceeds to the plaintiff's attorney to be applied against his obligation." Defendant's Exhibits 2A, 2B.

Roussin sold the motorcycle on the afternoon of February 5, 1985, receiving $900 therefor. He did not comply with the court's order to turn over this sum to Bailey's counsel, but rather paid his own attorney $500 to file a bankruptcy petition and retained the balance of $400 for his own needs. The bankruptcy petition was filed under date of February 12, 1985.

Bailey appeared at the first meeting of creditors in the bankruptcy proceedings, but interposed no further objections to Roussin's discharge. In May of 1985, Bailey filed a motion for contempt, to which Roussin's response was that the proceedings were stayed by reason of the bankruptcy proceedings.

On January 29, 1987, Roussin was discharged in bankruptcy, and in April of that year the state court held a hearing on Bailey's motion for contempt. On April 17, 1987, the court denied this motion, but also sua sponte issued its order directing Roussin to show cause why he should not be cited for criminal contempt for failure to comply with the court's prior order of February 5, 1985.[2]

On November 2, 1987, Roussin moved to dismiss the pending criminal contempt citation. Defendant's Exhibit 9a. This motion was denied under date of January 11, 1988 (per Morrill, J.). Defendant's Exhibit 10b.

On December 30, 1987, Roussin petitioned for relief in bankruptcy court by medium of temporary restraining order and permanent injunction. His motion for a temporary restraining order was denied on January 5, 1988, although the bankruptcy judge restrained Bailey from further proceedings in the matter. On May 10, 1988, the bankruptcy court held a hearing on the complaint for injunction, and on August 22, 1988, issued his written opinion denying such injunctive relief. On motion for reconsideration, further hearing was held on October 25, 1988, at the conclusion of which the bankruptcy judge orally affirmed his prior findings and rulings with respect to denial of injunctive relief.

### 2. Discussion

With certain exceptions, the filing of a petition in bankruptcy automatically stays "litigation, lien enforcement, and other actions, judicial or otherwise, which would affect or interfere with property of the estate, ... debtor, or ... in the custody of the estate." 2 *Collier on Bankruptcy* ¶ 362.01, at 362–7 (15th ed. 1987); 11 U.S.C. § 362(a). Excepted from such automatic stay is "the commencement or continuation of a criminal action or proceeding against

---

of rendition of the judgment inquire of the defendant as to his ability to pay the judgment in full or upon petition of the plaintiff after judgment order the defendant to appear in court for such inquiry and, at either time, order the defendant to make such periodic payments as the court in its discretion deems appropriate. If the court orders the defendant to make periodic payments at the time of rendition of judgment, the order shall not provide for payments to begin until after the appeal period has expired. *Failure to make such periodic payments shall constitute civil contempt of court.* The court may order probation officers or another appropriate agency to make an investigation and recommendation as to the defendant's ability to pay said judgment. Said judgment may be enforced against any property of any kind of the debt-

or, except such property as is now exempt from attachment or execution.
(Emphasis added.)

**2.** The court (DiClerico, J.) in its order of April 17, 1987, Defendant's Exhibit 6, directed the clerk of court to issue the orders of notice and to see that Roussin was served in hand, *id.* For reasons unclear, the clerk then directed Bailey (who no longer was in the action) to complete service of the citation of criminal contempt. Defendant's Exhibit 7. On May 27, 1987, however, the court clarified the matter by directing the opening of a new file and ordering that prosecution thereof be had by the county attorney. Defendant's Exhibit 8. Judge DiClerico also recused himself from further proceedings in the matter at that time.

the debtor." 11 U.S.C. § 362(b)(1); *United States v. Caddell*, 830 F.2d 36, 39 (5th Cir.1987). "This exception is consistent with the strong federal policy against federal interference with state court criminal prosecutions." 2 *Collier on Bankruptcy* ¶ 362.05, at 362–44 (15th ed. 1988); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Roussin's argument that only *civil* contempt actions are authorized by RSA 524:6–a (*supra*, note 1); *Sheedy v. Merrimack County Superior Court*, 128 N.H. 51,. 509 A.2d 144 (1986), is wide of the mark. It is well established that the purpose of civil contempt is remedial, coercive, and for the benefit of the complainant, while the purpose of criminal contempt is to protect the authority and vindicate the dignity of the court. *Town of Epping v. Harvey*, 129 N.H. 688, 691, 531 A.2d 345, 347 (1987) (citing and quoting *Town of Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 285, 385 A.2d 851, 853–54 (1978). Although Roussin perceives ambiguity in the court's order with respect to the sale of the motorcycle, that does not serve to prevent the state court from reading the record before it in such fashion as to cite him for criminal contempt.[3]

In short, the evidence is here ample for the bankruptcy court to have found (as it did) that the pending criminal proceedings comprised "a true criminal proceeding." *In re Milone*, 73 B.R. 452, 455 (Bankr.D.N. H.1987). Federal courts may not enjoin state criminal proceedings absent immediate danger of irreparable harm to federally protected rights which cannot be eliminated by the criminal accused's defense against a single prosecution. *McDonald v. Burrows*, 731 F.2d 294, 298 (5th Cir.), *cert. denied*, 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984). Simply put, this is not, as Roussin would have it, an implied subversion of the criminal process for the purpose of collecting a debt, as in *In re Penny*, 414 F.Supp. 1113 (W.D.N.C.1976). Bailey was dismissed from, has no interest in, and will not recover one cent by medium of restitu-

tion or otherwise as the result of the pending citation for criminal contempt. The issue is whether, by his actions, Mr. Roussin affronted the authority and dignity of the state court. Although Mr. Roussin may be successful in his defense in such proceedings, it does not fall within the jurisdiction of the bankruptcy court to interfere with same.

*3. Conclusion*

The Court has reviewed all of the authorities cited by respective counsel and has also reviewed the entire record in this case. For the reasons hereinabove set forth, the appeal is herewith denied, and the findings and rulings of the bankruptcy judge are herewith affirmed in all respects.

SO ORDERED.

---

**3.** Instructive in this regard is the colloquy between Judge DiClerico and Mr. Roussin, which is found at pages 18–20 of the transcript of the

motion hearing held on April 8, 1987. Defendant's Exhibit 5.