966 F.2d 1025
 In re James B. DAULTON, Debtor.
James B. DAULTON, Plaintiff-Appellant,
v.
Charles M. CALDWELL, Citizens National Bank, Norma J.
Linville, Margaret A. Clark, Melvin H. Reifin,
Defendants-Appellees.
 No. 91-3892.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 30, 1992.
Decided and Filed June 5, 1992.
Rehearing and Rehearing En Banc Denied July 17, 1992.
 
 David J. Boyd (argued and briefed), Cincinnati, Ohio, for plaintiff-appellant.
 George Phillip Leicht (briefed), Bethel, Ohio, Michael E. Maundrell, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, David John Frey (argued and briefed), Nichols, Speidel & Nichols, David John Frey, Todd S. Stoffel, Nichols, Speidel & Nichols, Batavia, Ohio, for defendants-appellees.
 Charles Caldwell, U.S. Trustee, Columbus, Ohio.
 Before: KEITH and SILER, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, James B. Daulton ("Daulton"), filed the instant appeal seeking to enjoin the State of Ohio from proceeding in a criminal action against him. Daulton contends that a bankruptcy court's failure to grant a full and complete hearing regarding the propriety of the criminal action denied due process of law. He also contends that the creditor who filed the criminal complaint did so in bad faith. Finally, Daulton argues that the criminal charge relating to an alleged fraud on his creditors should have been enjoined by the bankruptcy court. For the reasons outlined below, we AFFIRM the judgment of the district court to dismiss this action.
 
 I.
 
 2
 In January 1989, Daulton, a construction laborer and farmer for over 30 years, filed a voluntary petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code. On April 27, 1989, Daulton received a discharge in bankruptcy. Two of his creditors, Citizens National Bank ("Citizens") and Ripley National Bank ("Ripley National"), had loans discharged in that action.
 
 
 3
 Daulton borrowed monies from Ripley National and Citizens for an unspecified period of time and renewed the loans annually. Daulton last renewed his loan from Ripley National on January 22, 1988. He renewed his loan from Citizens on January 28, 1988. Both loans were secured by Daulton's 1988 tobacco crop. The loan from Citizens was also secured by some of Daulton's farm equipment. Both Ripley National and Citizens notified the warehouse where Daulton stored his tobacco crop of their security interest in Daulton's crops. This action was taken pursuant to local custom and federal law to ensure that proceeds from the sale of the tobacco crops would be paid jointly to Daulton and the secured creditors.
 
 
 4
 Between November 23, 1988, and January 11, 1989, Daulton sold his 1988 tobacco crop in the name of his fourteen year old daughter. Proceeds from the crop were paid to the daughter, and she endorsed them to Daulton. Daulton received $10,415 from the tobacco crop, none of which was paid to either Citizens or Ripley National.
 
 
 5
 Although Citizens' and Ripley National's debts were discharged in bankruptcy, Nora Linville, president of Citizens, filed a criminal complaint against Daulton on October 16, 1989, for the alleged fraudulent sale of the 1988 tobacco crop. Daulton was subsequently charged in Brown County, Ohio for violating Ohio Revised Code § 2913.45, a misdemeanor of the first degree.
 
 
 6
 Daulton filed the instant action in federal district court in the Southern District of Ohio against Charles M. Caldwell, Citizens National Bank, Norma J. Linville, Margaret A. Clark, and Melvin H. Reifin (jointly "defendants"), persons affiliated with Citizens and the Brown County Prosecutor's Office. The district court dismissed Daulton's case, holding that Daulton was given adequate due process by the bankruptcy court, that the state criminal case was not filed in bad faith and that the bankruptcy court did not abuse its discretion by refusing to enjoin the criminal action. This timely appeal followed.
 
 II.
 
 7
 Daulton first argues on appeal that the bankruptcy court abused its discretion in denying Daulton a full and complete hearing regarding his claim that defendants improperly pursued a state criminal action against him. Daulton contends that the bankruptcy court should have reviewed Citizens' charge that Daulton defrauded it in order to determine whether Citizens was seeking restitution. If they were doing so, then the action should have been enjoined since the bankruptcy action discharged the debt and payment of restitution would subvert the judgment of the bankruptcy court.
 
 
 8
 Defendants submit that the bankruptcy court conducted a hearing on the matter as evidenced by approximately 90 pages of testimony and evidence presented during a day-long hearing. The bankruptcy judge questioned the parties during this hearing and the Brown County Prosecutor's Office advised the judge of their investigation into the criminal charge. Daulton also testified and introduced several exhibits in support of his claim. Upon review of the records, we agree that the bankruptcy court adequately reviewed Daulton's claim. Therefore, we affirm the district court's dismissal of Daulton's claim that he was denied due process of law.
 
 
 9
 Daulton then argues that the district court erred in finding that defendants did not act in bad faith by signing a criminal complaint against him. Given the substantial evidence supporting the fraud charge, we find Daulton's argument meritless. In support of the criminal charge, there was evidence that Daulton failed to use his 1988 tobacco proceeds to pay either of his secured creditors and that he avoided the liens by selling the tobacco in the name of his daughter. In light of this evidence, we agree with the district court that there was no bad faith or harassment on the part of the prosecutor's office in pursuing the criminal charge.
 
 
 10
 The district court also concluded that Citizens did not act in bad faith by pursuing this case as a criminal matter. Daulton contends that Citizens' only interest in filing the criminal complaint was to recover its discharged debt. The president of Citizens testified, however, that the bank was not interested in debt collection, but desired to make a statement to the farming community. Moreover, the district court affirmed the bankruptcy court's order prohibiting defendants or anyone acting in concert with them from seeking restitution from Daulton. Accordingly, we find no error in the district court's conclusion that Citizens' decision to pursue the criminal action was not in bad faith.
 
 
 11
 Finally, Daulton argues that the bankruptcy court acted contrary to the spirit and intent of the Bankruptcy Reform Act of 1978, 28 U.S.C. § 1471, in refusing to enjoin the state criminal proceeding against Daulton. Essentially, Daulton contends that to allow a criminal action to proceed on a discharged creditor's claim would undermine the judgment of a federal bankruptcy court to discharge the debt.
 
 
 12
 It is undisputed that the Bankruptcy Code precludes the use of criminal actions to collect debts which have been discharged in bankruptcy. See In re Brown, 39 B.R. 820 (M.D.Tenn.1984). Brown noted that "a creditor cannot use the criminal process to collect an otherwise dischargeable debt by cloaking it as restitution. [However, the] court [did] not question the legitimacy of any other weapons in the State's punishment arsenal, including fines, imprisonment, or restrictive probation." Id. at 829.
 
 
 13
 The action for which Daulton is charged relates to the alleged fraudulent sale of Daulton's 1988 tobacco crop in his daughter's name to avoid payment to his creditors. Unlike those cases cited by Daulton, the criminal action in this case is not one seeking payment under penalty of incarceration or fine. E.g., In re Strassman, 18 B.R. 346 (E.D.Pa.1982); In re Lake, 11 B.R. 202 (S.D.Ohio 1981); In re Penny, 414 F.Supp. 1113 (W.D.N.C.1976). The mere fact that a debt has been discharged in bankruptcy does not preclude a criminal action from proceeding based on the debtor's alleged criminal conduct in relation to the debt. The state criminal action against Daulton does not seek restitution for the discharged debt and thus does not contravene the judgment of the bankruptcy court.
 
 
 14
 To the extent that Daulton attempts to offer a non-fraudulent reason for the sale of his tobacco crop to his daughter, we remain unpersuaded. Given our conclusion that the criminal case is not being pursued in bad faith, Daulton's guilt or innocence is an issue to be resolved in that criminal action. Therefore, we reject Daulton's claim in its entirety that the bankruptcy court erred in refusing to enjoin the criminal proceeding.
 
 III.
 
 15
 For these reasons, we AFFIRM the judgment of the Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio.
 
 ORDER
 
 16
 July 17, 1992.
 
 
 17
 The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.
 
 
 18
 The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation