Albert Curtis HUTCHINS *v.* Karen Ruth HUTCHINS

CA 97–429                    954 S.W.2d 249

Supreme Court of Arkansas
Opinion delivered October 30, 1997

*Laurie A. Bridewell,* for appellant.

*Karen Ruth Hutchins,* pro se.

PER CURIAM. ■  This appeal was filed in the Arkansas Court of Appeals. The appellee, Karen Ruth Hutchins, moved to dismiss the appeal on the ground that there was no final, appealable order. The appellant, Albert Curtis Hutchins, responded to the effect that the orders being appealed are contempt orders which are final. In his response, Mr. Hutchins stated that he had filed a federal bankruptcy petition and that Ms. Hutchins had petitioned the federal Bankruptcy Court for relief from the automatic stay of proceedings required by 11 U.S.C. § 362(a)(1). Ms. Hutchins's petition for relief from the stay was pending when the response to this motion was filed. Mr. Hutchins also asked for additional time to file his abstract and brief. The Court of Appeals certified the motion to this Court because this Court has not determined the effect of the "automatic stay" provision of 11 U.S.C. § 362(a)(1) upon contempt proceedings. We hold that the contempt orders are final and appealable. Some of them are merely coercive and thus civil in nature. Those orders are stayed by the federal law. One of the orders is a criminal contempt citation. It is not stayed by the federal bankruptcy law. Further consideration of the case will remain with the Court of Appeals.

■  Mr. Hutchins was held in "willful contempt" on a number of grounds having to do with his failure to comply with previous court orders concerning custody of the Hutchinses' son, Joseph. The sanctions imposed were, however, in all but one instance prospective and coercive in nature. Those were civil contempt citations which were entered for the purpose of compelling obedience to orders and decrees made for the benefit of the parties. *Bates v. McNeil*, 318 Ark. 764, 888 S.W.2d 642 (1994); *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988).

■  One of the Chancery Court's orders was, however, a criminal contempt order. It fined Mr. Hutchins $50 outright for having written on the child's underwear a message to Ms. Hutchins having to do with his allegation that Ms. Hutchins had sexually abused the child. That obviously final order was entered to punish Mr. Hutchins for disobedience to its previous order not to do or say anything that would lead the child to believe he was unsafe in the custody of either parent. As it was punitive in nature, that order was a criminal contempt citation. *Fitzhugh v. State, supra.*

All actions with respect to the civil contempt orders are stayed in the Chancery Court and in the Court of Appeals until such time as the automatic stay provided for in 11 U.S.C. § 362(a)(1) has been lifted by the Bankruptcy Court. The criminal contempt order is not stayed. *See In re Allison*, 182 B.R. 881 (N.D. Ala. 1995); *In re Kearns*, 168 B.R. 423 (D. Kan. 1994); *Stovall v. Stovall*, 126 B.R. 814 (N.D. Ga. 1990); *In re Roussin*, 97 B.R. 130 (D.N.H. 1989).