Cite as 2020 Ark. App. 37

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV-19-78

| | | |
|---|---|---|
| LEONA KAY CROWE | | **OPINION DELIVERED:** JANUARY 22, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-18-188] |
| V. | | |
| | | HONORABLE BRADLEY LEWIS KARREN, JUDGE |
| ROBERT GENE CROWE | | |
| | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Leona Kay Crowe appeals the Benton County Circuit Court's criminal-contempt order against her by arguing that the order violated (1) the automatic stay derived from her Chapter 13 bankruptcy filing; (2) her constitutional right to due process; and (3) Arkansas Code Annotated section 16-10-108 (Repl. 2010). We affirm.

### I. *Facts*

On March 7, 2018, Leona was ordered to pay temporary child support during the pendency of the parties' divorce litigation.[1] Child support was set based on her being unemployed. Appellee Robert Crowe filed a contempt motion on June 8 that claimed Leona had not paid any child support and was in arrears in the amount of $1,360. After a hearing on July 17, the circuit court found that Leona had not timely responded to Robert's

---

[1]Leona's child-support obligation was set at $100 a week for three children. After the oldest two children graduated from high school in May 2018, child support was reduced to $65 a week for one child.

contempt motion and that the response, when filed, contained an admission that she had not paid child support. Leona was found to be in willful contempt of the temporary order, and the circuit court found that she was $1,650 in arrears. She was ordered to pay that amount within thirty days of the July 19 order. On August 20, she filed a notice of bankruptcy and automatic stay.

Also on August 20, Robert filed a second petition for contempt alleging that Leona had yet to pay the arrearage and had failed to pay support since the July 19 order. The petition states, "The Defendant's conduct constitutes a continued willful, wanton and malicious disregard of this court's orders and as such she should be ordered to appear and show cause why she should not be held in contempt and incarcerated for her refusal to follow Court orders." Leona responded on August 30, alleging that she had not been able to obtain a job, which was why she had not paid current support; that her actions were not willful; and that she had filed for bankruptcy on August 14, and any proceeding or collection regarding support payments before the filing was stayed.

After a hearing on October 1, the circuit court found that after she had been ordered in March 2018 to pay $100 a week in child support due to her unemployment, Leona withdrew and received $10,000 from the parties' joint bank account in April. The court found that she had been held in willful contempt for failure to pay child support and was found to be in arrears on July 19. The circuit court found that as of July 5, Leona had $2,000 remaining from the $10,000 she had withdrawn and had used the money to hire an attorney instead of paying current support or paying on the arrearage. Accordingly, the circuit court found that Leona was guilty of indirect criminal contempt of its March 7 and

2

July 19 orders. Because she had paid $456 in current support before the October 1 hearing, there was no new arrearage found. The circuit court "stayed" the $1,685 arrearage. However, the court sentenced her to ten days in the Benton County jail for her willful violation of the court's orders, with no fine or additional payments ordered.

On October 4, an order commuting Leona's sentence for indirect criminal contempt was filed, citing Arkansas Code Annotated section 16-10-108, a Class C misdemeanor, and she was released. On the same day, a property-settlement, child-custody, and visitation agreement was filed wherein the parties agreed that all issues were settled between them. A divorce decree was filed on October 8. Leona filed a notice of appeal on October 30, and this appeal followed.[2]

## II. *Standard of Review*

This court has addressed civil and criminal contempt as follows:

> Contempt is divided into criminal contempt and civil contempt. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004). Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobey its orders. *Id.* Civil contempt protects the rights of private parties by compelling compliance with orders of the court made for the benefit of private parties. *Id.* The line between civil and criminal contempt may blur at times. *Id.* In *Baggett v. State*, 15 Ark. App. 113, 116, 690 S.W.2d 362, 364 (1985),

---

[2]Even though Leona served her contempt sentence, the issue is not moot. This matter falls squarely under *Thompson v. State*, 2016 Ark. 383, at 8, 503 S.W.3d 62, 67, which states, "[T]he mootness doctrine does not bar a direct appeal from Thompson's criminal contempt conviction, despite the fact that Thompson has already served his sentence." Thompson, an attorney, was held in contempt for failing to appear at his client's revocation hearing. *Thompson*, 2016 Ark. 383, at 6, 503 S.W.3d at 66. After Thompson served his twenty-four-hour jail sentence, he appealed. *Id.* The Arkansas Supreme Court held that the issue was not moot because his contempt punishment was a Class C misdemeanor under Arkansas Code Annotated section 16-10-108(b), and one has the right to appeal a misdemeanor conviction pursuant to Arkansas Code Annotated section 16-91-101(a) and Rule 1(a) of the Arkansas Rules of Appellate Procedure–Criminal. *Id.* at 7–8, 503 S.W.3d at 66–67; *see also Poland v. Poland*, 2017 Ark. App. 178, 518 S.W.3d 98.

we gave a concise description of the two concepts, noting that criminal contempt punishes while civil contempt coerces. *See also Applegate v. Applegate*, 101 Ark. App. 289, 275 S.W.3d 682 (2008). Therefore, the focus is on the character of relief rather than the nature of the proceeding. *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). The nature of the proceedings determines our standard of review.

*Kilman v. Kennard*, 2011 Ark. App. 454, at 7–8, 384 S.W.3d 647, 652. Our standard of review for criminal contempt is whether the decision is supported by substantial evidence, viewing the record in the light most favorable to the circuit court's decision. *See, e.g., Bartley v. State*, 73 Ark. App. 452, 45 S.W.3d 387 (2001). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other, forcing the mind to pass beyond suspicion or conjecture. *Ark. Dep't of Human Servs. v. Hellyer*, 2017 Ark. App. 294, 521 S.W.3d 158. When a person is held in contempt for failure or refusal to abide by a judge's order, the reviewing court will not look behind the order to determine whether it is valid. *Conlee v. Conlee*, 370 Ark. 89, 257 S.W.3d 543 (2007).

## III. *The Automatic Bankruptcy Stay*

Leona argues that she should not have been found in indirect criminal contempt because it was a violation of the automatic bankruptcy stay. She cites *Hutchins v. Hutchins*, 330 Ark. 426, 954 S.W.2d 249 (1997), which held that 11 U.S.C. 362(a)(1) stays civil-contempt orders until such time as the automatic stay is lifted by the bankruptcy court. Leona contends that she was in civil contempt of the July 19 order for not paying child support and that she was given thirty days to purge herself by paying the $1,685 arrearage. She argues that when she filed for bankruptcy, the contempt proceedings against her should have been stayed. She claims that the circuit court held her in criminal contempt for not making timely payments on her child support prior to her bankruptcy filing. She argues

4

that the circuit court converted her civil contempt to criminal contempt when she failed to pay the $1,685 child-support arrearage. She contends that the court's order is a thinly veiled attempt to circumvent the automatic bankruptcy stay.

Criminal-contempt findings do not violate an automatic bankruptcy stay. *See Hutchins*, *supra* (holding that the criminal-contempt citation was not stayed by the federal bankruptcy law). Here, Leona was held in civil contempt in July. She then filed for bankruptcy in August. Robert filed a second petition for contempt asking that she be incarcerated for her refusal to follow court orders. She was then found to be in criminal contempt and given a definite sentence of imprisonment. *See Applegate*, *supra* (holding that criminal contempt carries an unconditional penalty, and the contempt cannot be purged). Accordingly, the circuit court's criminal-contempt finding did not violate the bankruptcy stay.

IV. *Due Process*

Leona argues that she did not receive adequate due process because she was never informed that the October 1 hearing could result in a criminal-contempt finding and because she was never informed of the specific nature of the charge that was cited by the circuit court as the basis for her criminal contempt. She argues that Robert's contempt petition does not mention "criminal contempt" and that the "Setting Notice" that served as her summons to appear did not specify that "criminal contempt" charges were pending against her. She argues that Arkansas law provides that due process requires that she be notified that a contempt charge is pending and that she be informed of the specific nature of that charge. *See Fitzhugh*, *supra*.

We agree with Robert's contention that Leona was afforded reasonable notice that she was being charged with a failure to timely pay child support, which satisfies her procedural due-process rights to notice. Leona received notice of the charge and the nature of the relief sought because the petition asks that she be incarcerated for her refusal to follow court orders. *See Fitzhugh*, *supra*; *see also Coleman v. Coleman*, 2016 Ark. App. 324, 497 S.W.3d 688 (due process satisfied by contempt motion alleging that contemnor failed to abide by the divorce decree regarding spending the child's funds, which subjected her to the possibility of a contempt finding). Accordingly, we find no merit in Leona's due-process argument.

V. *Arkansas Code Annotated section 16-10-108*

Arkansas Code Annotated section 16–10–108(a) provides that every court of record has the power to punish for criminal contempt persons guilty of willful disobedience of any process or order lawfully issued or made by it. Under section 108(c), when contempt is committed in the immediate view and presence of the court, it may punish the contempt summarily; in other cases, the party charged shall be notified of the accusation and shall have a reasonable time to make his or her defense.

Leona argues that she received no notice of the alleged misconduct—not making timely payments—nor was she informed that the circuit court was considering holding her in criminal contempt. Therefore, she contends that the circuit court's criminal-contempt finding violated section 16-10-108. However, the contempt petition and Leona's response thereto belie Leona's argument that she was not informed of the alleged misconduct or of

6

the possible consequences of it.  Accordingly, the circuit court's order does not violate the statute.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Vernetti Law Group, PLLC*, by: *Bryan S. Vernetti*, for appellant.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya*, for appellee.