GUYOT *v.* STATE.

4736                                          258 S. W. 2d 569

Opinion delivered June 8, 1953.

*George D. Hester* and *Ed E. Ashbaugh,* for appellant.

*Tom Gentry,* Attorney General and *Thorp Thomas* and *James L. Sloan,* Assistant Attorneys General, for appellee.

GRIFFIN SMITH, Chief Justice. Janet Mahirum and Noel Guyot were married July 11, 1949 and lived together until June the following year. They were divorced January 19, 1951, the proceedings having been instituted by Noel. The two became the parents of a girl, born March 30, 1950. Custody of the child was awarded to the mother. The decree directed Noel to provide $15 per month, the first payment to be made on or before February 15, 1951. The mother testified that nothing had been available since that date. Janet has been working for some time and the baby, Catherine Ann, is with her maternal grandparents, with whom the mother resides.

This appeal is from a circuit court judgment finding Noel guilty of "neglecting and refusing to provide support and maintenance for his child." Act 67, approved February 9, 1951, Ark. Stat's, § 41-204, et seq. The statute (§ 1) provides that when a man neglects or refuses to provide for the support and maintenance of his child he shall be imprisoned on the county farm for not more than one year, or fined not less than fifty nor more than one thousand dollars, or both. Section 2 makes it a felony to abandon one's wife or child and then leave the state. In view of the court's action we are not concerned with this section, although it is shown that Noel is attending the University of Cincinnati, in Ohio, where he plays ball and receives remuneration. He is spoken of by witnesses as "working his way through college." It is assumed that he will be inducted into the military forces after graduation. The divorce decree contains a provision that if this occurs the $15 payments are to be superseded by the government's allowance for a soldier's child.

By consent a circuit court jury was waived and a plea of not guilty was entered. Counsel for the defendant

thinks the Act is inapplicable in those cases where chancery court has dealt with the subject-matter and when jurisdiction has been retained, as here.

It will be conceded, of course, that chancery has power to punish contumacious conduct when the defendant is within the court's jurisdiction. But it is equally well settled that when equity has jurisdiction it may coerce recalcitrants by adjudging them in contempt for failure to comply with appropriate orders even though in a court of law the defendant may be guilty of a crime. Let us suppose that in the case at bar the chancellor had enjoined Noel from calling on his former wife, or molesting her in any manner, and let us further suppose that in disregard of this injunction he pressed his attentions and when repulsed engaged in acts of violence. It could hardly be urged that the chancellor was without power to punish for contempt, and certainly an assault would constitute a crime, either statutory or at common law. All lawyers are familiar with the rule that conduct prohibited by state action may be punished, even though a federal statute covers the same transaction and has been invoked. It has long been held that this is not double jeopardy.

Section 7 of Act 67 permits the circuit court, in lieu of the fine and jail sentence authorized by § 1, to order the defendant to pay ''a certain sum periodically'' for a time not to exceed one year. This payment may be to the guardian or custodian of the child.

The trial judge sought earnestly to procure from interested parties an agreement whereby the jail sentence could be dispensed with. Noel's father, Walter Guyot (seemingly upon advice of counsel) persistently refused to make any payments directly to Janet. Court adjournments were taken for the purpose of permitting conferences. Finally Guyot agreed that he would pay $15 per month to Mrs. Mahirum, the child's grandmother, and the court entered its judgment with this promise in the nature of a stipulation. But for the agreement it is quite clear that the penalty would have been more severe. Having benefited to the extent of the lesser punishment

the appellant is in no position to complain unless the law is invalid. In that event, of course, only a moral obligation would remain.

It is our view that the general assembly has authority to enact laws denouncing child abandonment and to prescribe punishment for violations, and the fact that equity retains jurisdiction to enforce its judgments and decrees does not affect the legislative power.

Noel's procurement of a divorce did not relieve him of legal responsibility for the support of his minor child.

Affirmed.