HILTON HILLTOP, INC. *v.*
Paul RIVIERE, Secretary of State

80-1                                          597 S.W. 2d 596
Supreme Court of Arkansas
Opinion delivered April 28, 1980

*Charles R. Garner,* for appellant.

*Steve Clark,* Atty. Gen., by: *W. Russell Meek III,* Deputy Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. This appeal is from an order of the Circuit Court of Pope County, Arkansas, dismissing a petition seeking a contempt citation against the Secretary of State for refusing to file the Articles of Incorporation of Hilton Hilltop, Inc., appellant herein. The question before us is whether the court erred in dismissing the petition before conducting a hearing on the merits of appellant's accusation.

On December 27, 1978, the Pope County Circuit Court approved the Articles of Incorporation of a non-profit corporation, Hilton Hilltop, Inc., which had been filed with the Pope County Circuit Court and issued an order which included the following language:

> The Circuit Clerk shall therefore transmit to the Secretary of State a copy of this Order, along with the original Articles of Incorporation, in duplicate, who shall upon the payment of the required fees as prescribed by law, duly file same and make disposal thereof according to law.

On April 5, 1979 appellant filed an unverified petition in the Pope County Circuit Court alleging that a copy of the court's order and the original articles of incorporation had been transmitted to the Secretary of State but that the Secretary of State had ignored the court's order by refusing to file the articles of incorporation. Appellant did not allege that the required filing fees had been tendered. The petition contained a prayer requesting that the Secretary of State be

punished for contempt and a copy of the petition was served upon him by regular mail. On April 20, 1979, challenging the jurisdiction of the court to hear the matter, the Secretary of State filed a motion to quash and dismiss the petition which the court granted on October 8, 1979. Although the record does not clearly reveal why the court dismissed appellant's petition before a hearing on the merits, we find ample justification to affirm the judgment.

Disobedience of any valid judgment, order, or decree of a court having jurisdiction to enter it may constitute contempt. Punishment for such contempt is an inherent power of the court. *Guyot* v. *State,* 222 Ark. 275, 258 S.W. 2d 569 (1953); *Henderson, Sheriff* v. *Dudley, Chancellor,* 264 Ark. 697, 574 S.W. 2d 658 (1978). Even one not a party to an action who has been served with an order, or who has notice of it, may be held in contempt of the order. *Whorton* v. *Gaspard,* 240 Ark. 325, 399 S.W. 2d 680 (1966). Unless the court initiates the proceedings on its own motion, however, any proceeding to punish for contempt committed outside the presence of the court must be initiated by an affidavit of a person who witnessed the contempt or otherwise has knowledge of it. *York* v. *State,* 89 Ark. 72, 115 S.W. 948 (1909); *Carl Lee* v. *State,* 102 Ark. 122, 143 S.W. 909 (1912); *Ex Parte Coulter,* 160 Ark. 550, 255 S.W. 15 (1923); *Henderson, Sheriff* v. *Dudley, Chancellor, supra.* The affidavit must set forth all facts essential to the court's jurisdiction, including facts which constitute contempt and clearly apprise the person charged of the nature and cause of the accusation. See *Ex Parte Coulter, supra.* If the person accused of the contempt is not otherwise before the court he must be brought before the court by the issuance and service of proper legal process. See *Goodyear Tire & Rubber Co.* v. *Meyer,* 209 Ark. 383, 191 S.W. 2d 826 (1945).

In the case at bar, appellant initiated the proceeding by an unverified petition alleging contempt which was committed out of the presence of the court. Assuming that the factual allegations were legally sufficient to establish a prima facie showing of contempt, an issue we need not decide, appellant did not make the allegations by affidavit or otherwise provide the court with a sworn statement upon which the court was obliged to act. Although a court may in-

itiate contempt proceedings on its own motion when presented with unverified allegations of constructive contempt, the court may summarily disregard such allegations if they are not made under oath. See *Henderson, supra*. Although the Secretary of State did not explicitly argue this issue on appeal, we perceive the issue to be inextricably tied to the issue of jurisdiction which was raised. Moreover, even had the appellant initiated the proceedings by affidavit, a summons should have been obtained and properly served upon the Secretary of State for the court to exercise jurisdiction over him since he was not a party to the action or otherwise before the court.

Apparently in an effort to avoid the legal deficiency of the contempt action, appellant also contends that his petition can be treated as a request for a review of a state agency adjudication under the Administrative Procedure Act, Ark. Stat. Ann. § 5-701 et seq. (Repl. 1976 and Supp. 1979). Obviously, there is no merit in this argument. Even if the Secretary of State's refusal to file appellant's articles of incorporation could be considered an adjudication, which we seriously doubt, the petition seeks punishment, not review.

Affirmed.