Angela G. GATLIN *v.* T. Gary GATLIN

91-133                                                811 S.W.2d 761

Supreme Court of Arkansas
Opinion delivered June 24, 1991

*Hartsfield & Mixon, P.A.*, by: *Larry James Hartsfield* and *H. Clarke Mixon*, for appellant.

*Judieth P. Balentine*, for appellee.

DONALD L. CORBIN, Justice. This is an appeal from a July 16, 1990 order of the First Division of the Chancery Court of Pulaski County holding appellant, Angela G. Gatlin, in contempt for failure to comply with a previous order of the court. Jurisdiction of this appeal is in this court pursuant to Ark. Sup. Ct. R. 29(1)(a).

Appellant makes three assignments of error, two of which are based on insufficient evidence. The third is based on the constitutionally guaranteed prohibition against imprisonment for debt. We find no merit in any of appellant's arguments and affirm.

In a decree filed November 3, 1988, the chancellor granted appellee, T. Gary Gatlin, an absolute divorce from appellant. The decree provided for joint custody of their child, with no provision for child support or alimony. All marital assets were sold and the proceeds of the sale were divided between the parties. Included in the decree was an order that "the parties are each responsible for one-half of the indebtedness owed to the Internal Revenue Service. The parties are to make individual payment plans with the Internal Revenue Service for their portion. The Plaintiff is

responsible for all other debts."

On June 22, 1989, appellee served appellant with a motion to show cause, asserting he had continued to make regular monthly payments on the Internal Revenue Service (hereinafter referred to as IRS) indebtedness. Appellee alleged that neither had appellant made payments to the IRS nor had she set up any payment plan with the IRS by which to discharge the indebtedness. On August 23, 1989, the chancellor entered an order finding that appellant had made reasonable efforts to make payments to the IRS, but that no payments had been accepted by the IRS, as the appropriate documentation was not in appellant's possession.

On March 22, 1990, appellee filed a motion with the court claiming to have made all payments to the IRS since the date of the decree. In the motion, appellee requested the court to order that he be responsible for making payments to the IRS and that appellant be required to make payments through the court payable to him until she paid her half of the indebtedness.

On June 28, 1990, appellee filed a second motion to show cause. He alleged that though appellant reportedly went to the IRS, she had not made any payments toward retiring the debt. The chancellor ordered appellant to appear on July 16, 1990, to show cause why she should not be cited for contempt of the previous order. A show cause hearing was held as scheduled and the court announced from the bench that appellant was in willful contempt of the November 3, 1988 order of the court for failure to pay one-half of the indebtedness due the IRS. The court ordered appellant to be incarcerated until such time as she posted a $5,400.00 cash bond to absolve herself of contempt.

In its written order, which was filed July 17, 1990, the court made the following findings:

> 3. That pleadings have been filed before this Court as to the contempt of Angela G. Gatlin in failing to comply with this provision of this Court Order on more than one occasion, and Angela G. Gatlin has continued, despite prior Motions, to fail to make payment on this indebtedness.

> 4. That evidence before the Court is that Angela G. Gatlin has been regularly employed since the date of the

Decree and is now earning more than $1,700.00 per month.

. . . .

6. That this Court finds Angela G. Gatlin to be in willful and open contempt of the Orders of this Court and to have made no attempt to pay this indebtedness since the Decree of this Court of November 3, 1988. Angela G. Gatlin is ordered to be held in the Pulaski County Jail until she has paid $5,400.00, being $4,600.00 she was ordered by the Court to pay on November 3, 1988 and the $800.00 in interest which T. Gary Gatlin has been required to pay to the Internal Revenue Service due to her failure to pay her share of this indebtedness.

On July 18, 1990, appellant paid $5,400.00 to the Pulaski County Sheriff and was released from jail. The court in an Order of Release filed July 20, 1990, ordered that she be released from custody, that all contempt charges against her be dismissed, and that the funds be released to appellee's attorney to forward to the IRS.

I.

THE COURT BELOW ERRED WHEN IT IS-SUED A CONTEMPT CITATION BASED UPON INSUFFICIENT EVIDENCE THAT DEFENDANT HAD FAILED TO OBEY THE PREVIOUS ORDERS OF THE COURT.

In support of this point appellant first asserts that the findings made by the chancellor in the orders of August 23, 1989, and July 17, 1990, are inconsistent. She cites *Leslie* v. *Leslie*, 174 Conn. 399, 389 A.2d 747 (1978), for the proposition that where the court's findings in a contempt proceeding are inconsistent and the conclusions are ambiguous to the extent they are irreconcilable, a remand for a new trial on the issue of contempt is required.

The order of August 23, 1989 was entered following a motion by appellant to modify visitation and custody and the counter motion by appellee for appellant to show cause for failure to comply with the order of the court to pay her portion of the indebtedness to the IRS. The court on August 23, 1989 recognized that appellant had not been in possession of the appropriate

documentation to make payments to the IRS but that appellee provided her with the same that day. We fail to see that this order is so ambiguous or inconsistent with the other order as to require a new trial. Clearly appellant was still under order of the court to take necessary steps to retire one-half the debt to the IRS.

Appellant also maintains that fair play and due process require that she be put on notice as to what was required of her to avoid or to purge contempt. She maintains both that the November 3, 1988 order was too inconsistent to inform her of what she was required to do as it set neither a final payment date nor a minimum payment, and that prior to July 16, 1990, she was not ordered to pay the $800.00 interest which had accrued on her part of the debt. It is her position that she could not be incarcerated for failure to pay amounts she had never been ordered to pay by a written order of the court and, therefore, the inclusion of the $800.00 in the purge amount requires reversal of the contempt citation.

Disobedience of any valid judgment, order, or decree of a court having jurisdiction to enter it may constitute contempt; punishment for such contempt is an inherent power of the court. *Hilton Hilltop, Inc. v. Riviere*, 268 Ark. 532, 597 S.W.2d 596 (1980). The general rule is that before a person may be held in contempt for violating a court order, that order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied. *Warren v. Robinson*, 288 Ark. 249, 704 S.W.2d 614 (1986).

In the decree filed November 3, 1988, the chancellor clearly ordered the parties "to make individual payment plans with the Internal Revenue Service for their portion" of the indebtedness. The record shows that appellant has not established a payment plan. After hearing appellant's testimony, the chancellor found that she had made no payment toward retiring the debt.

Our review of a finding of contempt is limited to examining the findings of the trial court and we reverse only if the trial court's decision is against the preponderance of the evidence. *In the Matter of Brown v. Brown*, 305 Ark. 493, 809 S.W.2d 808 (1991). From our review of the record before us, we are unable to say the order was indefinite or the trial court's finding of contempt is clearly against the preponderance of the evidence.

## II.

### THE COURT BELOW ERRED WHEN IT ISSUED A CONTEMPT CITATION BASED UPON INSUFFICIENT EVIDENCE THAT DEFENDANT'S FAILURE TO OBEY THE PREVIOUS ORDERS OF THE COURT WAS WILLFUL.

In support of this point appellant makes the same argument she made previously concerning the inconsistent findings in the orders of August 23, 1989 and July 17, 1990. In her first argument, it was her position that a new trial was required. However, now she contends that a reversal of the contempt citation is required. For the reasons stated there, this argument is without merit.

Appellant also maintains that even if she failed to comply with the previous order of the court, her noncompliance was not willfull. She relies on *Barker* v. *Barker*, 271 Ark. 956, 611 S.W2d 787 (1981) in making the assertion that Arkansas case law demands that before a party may be incarcerated for contempt, the trial court must specifically find an ability to pay and a willful refusal to do so. She maintains that her uncontroverted testimony establishes that she was at all times unable to make substantial payments on the IRS debt, and that her inability to pay was the reason for her failure to comply.

We find no merit in this argument. The chancellor was not required to believe appellant's testimony. After hearing appellant's testimony regarding her income and expenses, the chancellor in making his ruling from the bench stated, "[s]he's had enough income to [make] at least some payment. She hasn't made any." In the order filed July 17, 1990, he specifically found appellant "to be in willful and open contempt of the Orders of this Court and to have made no attempt to pay this indebtedness since the Decree of this Court of November 3, 1988."

On appeal from a finding of contempt this court will reverse only where the finding of the chancellor is against the preponderance of the evidence. *C.R.T., Inc.* v. *Brown*, 269 Ark. 114, 602 S.W.2d 409 (1980). Based on the foregoing, we cannot say the chancellor's finding willfulness in appellant's failure to comply with his previous order is against the preponderance of

the evidence.

## III.

### THE COURT BELOW ERRED WHEN IT ISSUED A CONTEMPT CITATION AND JAILED DEFENDANT FOR FAILURE TO PAY A DEBT TO A THIRD PARTY.

Appellant relies on the Ark. Const. art. 2, § 16 as limiting the court's authority to use contempt proceedings to enforce its orders. Section 16 states that, "[n]o person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud." Appellant maintains that while generally orders for alimony, maintenance or support are not considered debt for the purposes of the constitutional prohibition, an order for a property division is such a debt.

On July 25, 1990, appellant filed a motion to sequester the $5,400.00 until such time as an appeal could be taken from the contempt order. On July 26, 1990, appellant filed a motion to set aside the entry of the July 18, 1990 order pending a hearing on the July 25, 1990 motion.

On July 30, 1990, a hearing was held to consider the two motions. Appellee's attorney stated that she forwarded the funds to the IRS and that they were received there on July 26, 1990. Appellant's counsel stated that following the July 16, 1990 hearings, the orders were entered without his knowledge, and, as the $5,400.00 was already paid to the IRS, the sequestration of the funds was a moot issue. He also said that at the hearing on the 16th he was in the process of making an argument to the court when the court made its ruling on the contempt issue and that he would like to make a record of that argument for purposes of appeal. The objection made for the record was that the court did not have authority to incarcerate someone for contempt of the court for failure to pay a third party debt. However, appellant's counsel failed to obtain a ruling on the matter. Failure to obtain a ruling constitutes waiver of the issue on appeal. *McDonald* v. *Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989).

For the reasons stated above we affirm the rulings of the chancellor.