ARKANSAS DEPARTMENT OF HUMAN SERVICES
*v.* Rita W. GRUBER, Chancellor

CA 91-517                                                    S.W.2d

Court of Appeals of Arkansas
Division II
Opinion delivered October 21, 1992

*Ed Wallen,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sarah H. Harberg,* Asst. Att'y Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. The Arkansas Department of Human Services (DHS) was found to be in contempt and assessed a $150 fine by the chancellor when its representative failed to appear at a placement hearing for a juvenile offender. For reversal, DHS raises three points. We affirm in part and reverse and remand in part.

A juvenile offender was being held in detention pending an August 29, 1991, disposition hearing. At the request of the court probation officer, DHS was contacted since the placement of the child at Youth Home, Inc., had not yet been approved and the child's parents refused to allow him to return home.

Maurice Shirley, a DHS caseworker, was present at the August 29 hearing along with the prosecuting attorney and the public defender. It was necessary to continue the proceedings until September 3 because the juvenile's application for placement at Youth Home, Inc., had not yet been approved. The public defender requested that Mr. Shirley return for the September 3 hearing in case the services of DHS were needed. The chancellor agreed and stated, "All right, we will give Mr. Shirley a copy of the order to appear."

At the September 3 hearing, because placement at Youth Home, Inc., had not been finalized, the state requested that the juvenile be released to the custody of DHS immediately until placement could be obtained. Neither Mr. Shirley nor any other representative from DHS was present for the hearing. After the chancellor reviewed her notes of the August 29 hearing, which reflected that Mr. Shirley was present at the earlier hearing and was personally served with a notice to appear in court on September 3, the chancellor found DHS in contempt for failing to appear as ordered.

For its first point, DHS contends that the court lacked

the jurisdiction necessary to find it in contempt of court. Disobedience of any valid judgment, order, or decree of a court having jurisdiction to enter it may constitute contempt; punishment for such contempt is an inherent power of the court. *Gatlin* v. *Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (1991); *Hilton Hilltop, Inc.* v. *Riviere*, 268 Ark. 532, 597 S.W.2d 596 (1980). Even one not a party to an action, who has been served with an order, or who has notice of it, may be held in contempt of the order. *Id.* Before a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties imposed upon him and the command must be expressed rather than implied. *Id.*

■ According to the record, the representative from DHS was given notice in open court, as well as in writing, of the date and time to appear for the placement hearing of the juvenile. One who has full knowledge of a court order and its import, as DHS did, cannot flout it with impunity. *Dennison* v. *Mobley, Chancellor*, 259 Ark. 216, 515 S.W.2d 215 (1974). It is one of DHS's functions and responsibilities to cooperate with, assist, and solicit the cooperation and assistance of all public or private agencies or organizations involved in or dedicated to providing services to youth. Ark. Code Ann. § 9-28-205(2) (1987). The Department of Human Services cannot fulfill its statutory responsibility to the youth of our state without the department's full cooperation with the juvenile courts throughout the state.

■ The Department of Human Services next contends that it was denied procedural due process because it was not provided with notice of the accusation and a reasonable time to make its defense as required by Arkansas law and the Fourteenth Amendment of the United States Constitution. Although the chancellor did not designate whether she was holding DHS in criminal or civil contempt, the record reveals that the $150 was punishment for not obeying the court's order to appear on September 3, rather than a fine imposed to compel DHS to act. Hence, this was criminal contempt. *See Fitzhugh* v. *State*, 296 Ark. 137, 752 S.W.2d 275 (1988). Arkansas Code Annotated § 16-10-108(a)(3) (1987) states that every court of record shall have the power to punish, as for criminal contempt, persons guilty of willful disobedience of any process or order lawfully issued or made by it. Under Ark. Code Ann. § 16-10-108(c), contempts committed in the immediate view and presence of the court may

be punished summarily, and in other cases, the party charged shall be notified of the accusation and shall have a reasonable time to make his defense. *See Fitzhugh*, 296 Ark. 137. Notice of the charge of contempt and the nature thereof were not given to DHS in this case. Therefore, we reverse and remand on this point so that the chancellor can conduct a show cause hearing and afford DHS the opportunity to answer why it should not be found in contempt of the court's order.

Next, appellant contends that there is insufficient evidence to support a finding of contempt, arguing that it did not willfully disobey Chancellor Gruber's order to appear. We consider the evidence in the record in the light most favorable to the trial court's decision concerning the contempt and affirm if there is substantial evidence to support its decision. *Henry* v. *Eberhard*, 309 Ark. 336, 832 S.W.2d 467 (1992). There is evidence in the record that DHS was given notice to appear at the September 3 hearing and failed to appear. The absence of DHS from the hearing is evidence of their disobedience of the chancellor's order. There was, therefore, substantial evidence to support the initial finding of contempt.

Affirmed in part.

Reversed and remanded in part.

JENNINGS and MAYFIELD, JJ., agree.