The Honorable Mark Stodola, Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Stodola:
This letter is a response to your request for an opinion regardingAct 1302 of 1995, which amends the criminal code sections that govern stalking, terroristic threatening, harassment, and harassing communications. These laws require the entry of no-contact orders upon the pretrial release of defendants. You have presented several questions, which have been restated as follows:
 (1) Does Act 1302 of 1995 apply to juvenile court delinquency proceedings as well as to both circuit and municipal court proceedings, and thus require entry of no contact orders at some stage of juvenile proceedings?
 (2) Is it permissible for ACIC to keep these no-contact orders on their computers and available for law enforcement, or does the legislation contemplate that the local law enforcement agency will keep the orders on file for officers in the field who are contemplating making an arrest for violation?
 (3) Must the no contact orders be specific about which persons the defendant is ordered to refrain from contacting and places the defendant is ordered to refrain from going?
 (4)(a) Is it legal for law enforcement officials to arrest an alleged offender for violating this type of order without an affidavit for arrest?
 (b) If so, what charge should the officer use to cite or arrest the offender, assuming that no other violation of the law has occurred?
 (c) What statute or authority should the officer use to charge the offender?
 (5) If law enforcement officials must have an affidavit for arrest in order to arrest for violating a no-contact order, who has the authority to address the violation and by what means?
(6) What sanctions are available to the court to enforce these orders?
RESPONSE
Question 1 — Does Act 1302 of 1995 apply to juvenile court delinquencyproceedings as well as to both circuit and municipal court proceedings,and thus require entry of no contact orders at some stage of juvenileproceedings?
It is my opinion that the requirement of the entry of no contact orders, set forth in the various code sections that are amended byAct 1302 of 1995, does not apply to juvenile court delinquency proceedings. I draw this conclusion for two reasons.
First, Act 1302 of 1995 governs offenses over which juvenile courts have no jurisdiction. Although the juvenile courts can address acts which, if committed by an adult, would constitute the offenses addressed byAct 1302 of 1995, those acts, when addressed by the juvenile courts, constitute only "juvenile delinquency," rather than the specific offenses addressed in the act. See A.C.A. §§ 9-27-306(a)(1) and 9-27-303(11).
Second, the juvenile court already has express authority to condition the release of a juvenile defendant upon restricted contact and movement, under both the provisions of A.C.A. § 9-27-326(e)(2)(F) and under Rule 9.3 of the Arkansas Rules of Criminal Proceedings, which govern juvenile delinquency proceedings. A.C.A. § 9-27-325(f). These sources of authority for the juvenile courts to enter no contact orders serve the same policy interests as does Act 1302 of 1995, while still allowing the juvenile courts a level of discretion which is appropriate to juvenile proceedings.
For these reasons, I conclude that the no contact provisions ofAct 1302 of 1995 do not apply to juvenile delinquency proceedings.
Question 2 — Is it permissible for ACIC to keep these no-contact orderson their computers and available for law enforcement, or does thelegislation contemplate that the local law enforcement agency will keepthe orders on file for officers in the field who are contemplating makingan arrest for violation?
It is my opinion that this is a matter that the act did not attempt to address. Moreover, it is a matter that will depend largely on the circumstances of the particular cases and is within the discretion of the court.
The Arkansas Supreme Court has recognized both the trial court's inherent authority to control access to the records in its proceedings, and the presumption of the public nature of those records. See Arkansas BestCorp. v. Gen. Elec. Cap. Corp., 317 Ark. 238, 878 S.W.2d 708 (1994);Arkansas Dept. of Human Serv. v. Hardy, 316 Ark. 119-B, 871 S.W.2d 352
(1994).
In certain cases, the court may determine that, for good cause shown, the record of its proceedings, including no contact orders, should be given limited disclosure. In others, the court may determine that the records should be made accessible to all interested parties, including law enforcement agencies. It would be incumbent upon the interested parties, before the court makes its determination, to demonstrate to the court the nature of their need for access to the no contact orders.
There are, of course, specific statutory sections providing for the confidentiality of juvenile court proceedings. See A.C.A. §§ 9-27-309, -348, -352. But even there, the ultimate decision as to access to court records is within the discretion of the court.
Question 3 — Must the no contact orders be specific about which personsthe defendant is ordered to refrain from contacting and places thedefendant is ordered to refrain from going?
It is my opinion that the no contact orders must comply with the level of specificity set forth in Rule 9.3 of the Arkansas Rules of Criminal Procedure.
The language of the sections of Act 1302 that set forth the no contact order requirements all state that the no contact order shall be in writing and that it shall be consistent with Rule 9.3 of the Arkansas Rules of Criminal Procedure.
Rule 9.3 authorizes the judicial officer in a criminal proceeding to condition a defendant's pre-trial release upon the defendant's compliance with certain prohibitions. The order authorized therein may prohibit the defendant "from approaching or communicating with particular persons or classes of person." It may also prohibit the defendant "from going to certain described geographical areas or premises." These requirements of Rule 9.3 appear to mandate a substantial level of specificity with regard to the persons whom the defendant may be prohibited from approaching or contacting,[1] and with regard to the places the defendant may be prohibited from going.
Question 4(a) — Is it legal for law enforcement officials to arrest analleged offender for violating this type of order without an affidavitfor arrest?
It is my opinion that law enforcement officials may, under certain circumstances, arrest an alleged offender for violating a no contact order without an affidavit for arrest.
My conclusion regarding this matter is based on the fact that Act 1302 mandates that the no contact orders required by the Act be consistent with Rules 9.3 and 9.4 of the Arkansas Rules of Criminal Procedure, and that the defendant be given notice of the penalties set forth in Rule 9.5 of the Arkansas Rules of Criminal Procedure.
Rule 9.5 states:
 (b) A law enforcement officer having reasonable grounds to believe that a released defendant has violated the conditions of his release of the terms of an order under Rule 9.3 is authorized to arrest the defendant and to take him forthwith before any judicial officer having jurisdiction when it would be impracticable to secure a warrant.
Rule 9.5(b), Arkansas Rules of Criminal Procedure.
This language, in my opinion, provides authority upon which a law enforcement officer may arrest a defendant who violates a no contact order that was issued pursuant to any of the laws amended byAct 1302 of 1995, without an affidavit of arrest.
Question 4(b) — If so, what charge should the officer use to cite orarrest the offender, assuming that no other violation of the law hasoccurred?
It is my opinion that a law enforcement officer who arrests a defendant who has allegedly violated a no contact order that was issued pursuant to any of the laws amended by Act 1302 of 1995 may base the arrest upon a charge of contempt, assuming that no other violation of the law has occurred. It is well-established that the disobedience of any valid order of a court who had jurisdiction to enter the order can constitute contempt. Bates v. McNeil, 318 Ark. 764, 888 S.W.2d 642 (1994); Ark.Dept. Human Serv. v. Gruber, 39 Ark. App. 112, 839 S.W.2d 543 (1992);Gatlin v. Gatlin, 306 Ark. 146, 811 S.W.2d 761 (1991); Hilton Hilltop v.Reviere, 268 Ark. 532, 597 S.W.2d 596 (1980); Ark. Const., art. 7, § 26; A.C.A. § 16-10-108(a)(3).
Question 4(c) — What statute or authority should the officer use tocharge the offender?
It is my opinion that the law enforcement officer may rely upon the authority provided in Rule 9.5 of the Arkansas Rules of Criminal Procedure. See response to Question 4(a).
Question 5 — If law enforcement officials must have an affidavit forarrest in order to arrest for violating a no-contact order, who has theauthority to address the violation and by what means?
Because I have opined that law enforcement officials may arrest alleged violators of no contact orders issued pursuant to the laws amended byAct 1302 of 1995 without an affidavit for arrest, response to this question is not necessary.
Question 6 — What sanctions are available to the court to enforce theseorders?
It is my opinion that the language of Rule 9.5 of the Arkansas Rules of Criminal Procedure explicitly provides for two general sanctions that may be imposed upon a defendant for violation of a no contact order issued pursuant to the laws amended by Act 1302 of 1995. They are:
 (1) The judicial officer may impose different or additional conditions of release upon the defendant; or
(2) The judicial officer may revoke the defendant's release.
In addition, A.C.A. § 16-10-108 provides for the imposition of imprisonment or a fine as a sanction for contempt, within the discretion of the court. The statute sets certain parameters for those sanctions.
In the final analysis, however, the sanction to be imposed for violation of a no contact order is wholly within the domain of the court. The Arkansas Supreme Court has held that the court is not bound by the parameters set forth in A.C.A. § 16-10-108, given that the power to punish for contempt is inherent in the court's authority. See, e.g., Carle v.Burnett, 311 Ark. 477, 845 S.W.2d 7 (1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] You specifically inquired about a scenario involving school children threatening each other in the school setting. You expressed a concern that a no contact order issued by a juvenile court could conceivably be interpreted to require that the children be removed from the school setting. Rule 9.3 appears to obviate such a requirement, in that it authorizes a prohibition against the defendant's "approaching or communicating with particular persons." Children could actually be in the same classroom or in the same vicinity in other locations in the school and still be in compliance with the order, provided that they neither approach nor communicate with one another.