William Jesse BARTLEY *v.* STATE of Arkansas

CA CR 00-958                                          45 S.W.3d 387

Court of Appeals of Arkansas
Division III
Opinion delivered May 9, 2001

*Doug Norwood* and *Susan Lusby*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey Weber*, Ass't Att'y Gen., for appellee.

A NDREE LAYTON ROAF, Judge. William Jesse Bartley was found in criminal contempt of court in Benton County Circuit Court for appearing without a lawyer at his arraignment on hot-check charges. Upon being released after his arrest, Bartley had signed a form entitled "Benton County Circuit Court Attorney Acknowledgment" that stated "you *must* have an attorney prior to appearing in court for arraignment." When he arrived at the arraignment without an attorney and acknowledged to the trial judge that he was able to read the notice and remembered doing so, Bartley was sentenced to three days in the Benton County Jail. On appeal, he argues that in finding him in contempt, the trial court violated his rights under the federal and state constitutions. The State has conceded error and we agree. We therefore reverse.

The Attorney Acknowledgment form at issue was further captioned: "*NOTICE TO ALL PERSONS BEING CHARGED WITH FELONY OFFENSES*," and provided in pertinent part,

> You are required to appear in Benton County Circuit Court, Division I for Arraignment on  5-15-00  at 8:00 a.m. You *must* have an attorney prior to appearing in court for arraignment. If you cannot afford an attorney, you *must* contact the Benton County Public Defender's Office at:

221 South Main Street
Bentonville, Arkansas 72712

Or call at (501) 271-1028

Bartley signed the form under the following statement: "I have read and understand that I must have an attorney present at my arraignment."

When Bartley appeared at his arraignment, the trial judge inquired whether Bartley had a lawyer, and when he told the judge that he did not, the judge asked if Bartley had made an effort to secure representation. Bartley replied that he spoke to a lawyer that day and that he thought that he needed to come to court to have one appointed. Bartley responded to the judge's questions that he was twenty-three years old, could read and write, had a ninth-grade education, and that he remembered reading the notice. However, when the judge asked Bartley whether he remembered what the notice said and if he had gone to the public defender's office prior to the arraignment, Bartley responded in the negative, and the trial judge found him in contempt.

Bartley argues that his rights under the Sixth Amendment of the United States Constitution and Article 2, Section 10, of the Arkansas Constitution were violated for three reasons: 1) he was never served with a signed and filed court order directing him to bring an attorney to the arraignment; 2) the document that he was given did not state the consequences for his failure to bring an attorney to the arraignment; and 3) even if the trial court had ordered him to bring an attorney to the arraignment, it was still error because he has a constitutional right to represent himself.

■ ■ The standard of review in a case of criminal contempt requires this court to view the record in the light most favorable to the trial judge's decision and to sustain that decision if it is supported by substantial evidence and reasonable inferences. *Etoch v. State*, 332 Ark. 83, 964 S.W.2d 798 (1998). If an act interferes with the order of the court's business or proceedings or reflects upon the court's integrity, that act is deemed contemptuous. *Id*. A court's contempt power may be wielded to preserve the court's power and dignity, to punish disobedience of the court's orders, and to preserve and enforce the parties' rights. *Id*.

■ We agree that the notice that Bartley was given upon his release was not a court order, in that it was neither signed by a

judge nor filed for record. Moreover, while the notice contained what appeared to be mandatory language, Bartley was not informed of the consequences of his failure to comply with its terms. In *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988), the supreme court held that criminal penalties may not be imposed on an alleged contemnor who has not been afforded the protections that the Constitution requires of criminal proceedings; the Due Process Clause requires that an alleged contemnor be notified that a charge of contempt is pending against him and be informed of the specific nature of that charge. Notice of the charge, indeed actual notice that failure to bring an attorney to the arraignment constituted a contemptuous act, was not given in this case. Therefore, the judgment of conviction for contempt must be reversed.

We further agree that Bartley has a right under our federal and state constitutions to waive representation by counsel and that it would be reversible error for the trial court not to allow Bartley to make a knowing and intelligent waiver of this right. *See Akins v. State*, 330 Ark. 228, 955 S.W.2d 483 (1997). However, it is apparent from the record that Bartley was not seeking to waive his right to counsel, but rather had not followed the stated procedures required to secure representation by the Benton County Public Defender's Office. Accordingly, we do not find this alleged constitutional deprivation to be of any moment.

Reversed and dismissed.

STROUD, C.J., and PITTMAN, J., agree.