2009 Ark. App. 280

**Jeff HOLIFIELD, Appellant,**

v.

**MULLENAX FINANCIAL & TAX ADVISORY GROUP, INC., Appellee.**

**No. CA 08–955.**

Court of Appeals of Arkansas.

April 15, 2009.

Stanley D. Rauls, Little Rock, for appellant.

Wright, Lindsey & Jennings, LLP, by: Gregory T. Jones and Adrienne L. Jung, Little Rock, for appellee.

JOHN B. ROBBINS, Judge.

Appellant Jeff Holifield appeals the finding of contempt entered by the Pulaski County Circuit Court regarding Holifield's purported failure to abide by orders relative to the discovery process in a lawsuit filed by Holifield's former employer, appellee Mullenax Financial & Tax Advisory Group, Inc. In May 2007, appellant, a certified public accountant, left the employ of appellee, taking with him certain information gleaned in his practice of tax preparation. In June 2007, appellee filed a complaint for breach of contract, for conversion, and for misappropriation of the tax-client information as trade secrets. Also in June 2007, appellant was ordered not to destroy relevant materials, to appear for deposition, and to submit to expedited discovery. Appellee sought a finding of contempt from the trial court regarding production of evidence, which was granted by the trial court in March 2008. It is this order that is on appeal.

Generally, a finding of contempt is a final, appealable order. *See Young v. Young*, 316 Ark. 456, 872 S.W.2d 856 (1994). Contempt is divided into criminal contempt and civil contempt. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004). Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobey its orders. *Id.* Civil contempt protects the rights of private parties by compelling compliance with orders of the court made for the benefit of private par-

ties. *Id.* The line between civil and criminal contempt may blur at times. *Id.* In *Baggett v. State,* 15 Ark.App. 113, 116, 690 S.W.2d 362, 364 (1985), our court gave a concise description of the two concepts, noting that criminal contempt punishes while civil contempt coerces. *See also Applegate v. Applegate,* 101 Ark.App. 289, 275 S.W.3d 682 (2008).

■ Therefore, the focus is on the character of relief rather than the nature of the proceeding. *Fitzhugh v. State,* 296 Ark. 137, 752 S.W.2d 275 (1988). Appellant herein argues that this is a case of civil contempt, while appellee asserts that this fits criminal contempt. This affects the standard of review, but under either standard, we reverse.

Our standard of review for civil contempt is whether the finding of the circuit court is clearly against the preponderance of the evidence. *Gatlin v. Gatlin,* 306 Ark. 146, 811 S.W.2d 761 (1991). Our standard of review for criminal contempt is whether the decision is supported by substantial evidence, viewing the record in the light most favorable to the trial judge's decision. *See, e.g., Bartley v. State,* 73 Ark.App. 452, 45 S.W.3d 387 (2001).

■ The substantive rules on contempt are the same. In order to establish contempt, there must be willful disobedience of a valid order of a court. *See Ivy v. Keith,* 351 Ark. 269, 92 S.W.3d 671 (2002). Contempt is a matter between the judge and the litigant, and not between the two opposing litigants. *Id.* Before one can be held in contempt for violating the court's order, the order must be definite in its terms, clear as to what duties it imposes, and express in its commands. *Id.* Appellant contends that there was no definite order and furthermore that to the extent he was ordered to comply with discovery, he did not willfully disobey that command.

With these rules of law and parameters of review, we examine the course of events in the trial court proceedings. Appellee commenced this trade-secrets action against appellant in June 2007, and on June 21, 2007, obtained an ex parte order directing appellant to preserve and not destroy any information that was at issue in the lawsuit, to neither duplicate, use nor disclose such information to third parties, and, finally, for appellant *"to appear for deposition and submit to other discovery on an expedited basis."* (Emphasis added.) Appellant was deposed in July 2007, during which he agreed to provide notes, outside business reports, and audio-recordings, not within a few days but "soon."

In September 2007, the trial court was asked to order appellant to comply with the discovery process, particularly to deliver electronic duplicates of income-tax information appellant copied electronically when he left employment. In a file-marked order dated September 14, 2007, appellant was ordered to provide this information on or before September 21, 2007, and again "to submit to other discovery on an expedited basis."

A disc purportedly containing the computerized information was provided to appellee on September 19, but appellee determined that it was not possible to retrieve or read what was on the disc without damage to appellee's computer system. Multiple requests for a usable format were sent to appellant's attorney, but no other materials were forthcoming. Multiple requests for the materials that appellant had verbally agreed to produce in the July deposition were not fulfilled.

Appellee filed a motion on November 16, 2007, entitled "Motion to Hold Defendant in Contempt or, in the Alternative, to Compel" due to appellant's alleged failure to provide a usable copy of the computer materials and for failing to provide the

agreed-upon materials from the deposition, except for a few documents. Appellee contended that appellant was making "a mockery of the discovery process." Appellee contended that this was willful disobedience of the court's order to "submit to other discovery on an expedited basis." Appellee asked that appellant be compelled to produce the relevant materials and be held in contempt pursuant to the inherent powers of the trial court and the powers vested under Ark. R. Civ. P. 37. Appellee further requested that it be awarded attorney fees and costs for the necessity of seeking trial court intervention on this matter.

Appellant gave appellee the tape recordings a few days prior to the hearing on this motion, which was conducted on March 3, 2008. At the hearing, appellant defended himself by stating that he provided by compact disc the exact materials he possessed and that he provided the other materials he possessed pursuant to his verbal commitment in the deposition. Appellant added that he was under an additional burden because he moved residences in July 2007. Appellant pointed out that there was no formal discovery propounded to him regarding either of those sets of materials, so there could be no willful disobedience where no formal discovery was pending.

The trial judge heard argument of counsel and found that while appellant could not be found to have destroyed or altered the computerized materials which he had provided pursuant to the earlier order, he was willfully delaying the provision of materials he specifically agreed to produce in the July 2007 deposition. The trial judge noted that the materials were particularly relevant because both parties were seeking to move the case forward to summary judgment, and appellant had already been twice ordered to expeditiously comply with

discovery. The trial judge found appellant in contempt and ordered him to pay $500 in attorney fees to appellee as sanctions.

Appellant moved for reconsideration, asserting his same arguments at the hearing. Appellee resisted that motion with a response. Nonetheless, a formal order was entered, mirroring the rendition of findings made at the hearing. This appeal followed.

Appellant's focus is on his contention that the trial court's orders were only to generally submit to discovery in an expedited manner, without any specific direction and without any deadlines. Thus, his argument is that he could not be held in contempt for what he was not specifically ordered to do. We must agree. Before one can be held in contempt for violating a court order, the order must be definite in its terms and clear as to what duties it imposes. *Ark. Dep't of Health & Human Servs. v. Briley*, 366 Ark. 496, 237 S.W.3d 7 (2006). When, under the circumstances and the legal issues involved, a party does all that is expressly required of him by court order, it is error to hold him in contempt. *See Lilly v. Earl*, 299 Ark. 103, 771 S.W.2d 277 (1989); *Wood v. Goodson*, 253 Ark. 196, 485 S.W.2d 213 (1972). Here, appellant had earlier submitted to a deposition, provided the computer materials, and made general verbal assurances of providing certain other materials, some of which he provided to opposing counsel in the ensuing weeks and months.

The two specific orders that were entered regarding discovery in this case directed appellant "to submit to other discovery on an expedited basis." However, appellee never followed the Arkansas Rules of Civil Procedure pertaining to discovery, and there was no Rule 37 order to compel ever entered by the court that appellant ignored. The court neither expressly and with specificity identified just

what discovery appellant was to expedite, nor did it set out a time frame that the court would consider to be on an "expedited basis." Again, as noted above, contempt is not a matter between two opposing litigants, but a matter between the judge and the litigant. Whatever may be taking place between the parties should not be the subject of a contempt proceeding unless the court has clearly and unequivocally ordered a party to do or not to do some specific thing. While we appreciate the frustration experienced by appellee, no act of disobedience was committed here upon which to impose a finding of contempt.

Appellant adds that there is no basis upon which to set the $500 attorney fee amount. This argument is moot because we reverse the contempt finding.

We reverse.

GRUBER, BAKER, and BROWN, JJ., agree.

PITTMAN and MARSHALL, JJ., dissent.

MARSHALL, J., dissenting.

The question here is whether the circuit court's decision holding Holifield in civil contempt for foot dragging during discovery is clearly against the preponderance of the evidence. *Hunt v. Perry*, 357 Ark. 224, 231, 162 S.W.3d 891, 894 (2004) (standard of review). It is not.

1. For more than seven months, Holifield was under the circuit court's twice-repeated order to comply with discovery on "an expedited basis." Early in that seven-month period, Holifield gave a deposition. He agreed, under oath, during his deposition to provide certain documents—tax returns, notes, and audio recordings. Holifield agreed to make production "not in the next couple of days, but soon." It took seven months, two motions to compel, and at least one hearing to get Holifield to fulfill his promise.

Our court reverses Judge Brantley's considered decision holding Holifield in contempt by concluding that the court's discovery orders were not clear enough to put Holifield on notice of his discovery obligations. Our court stumbles. Of course an order must be definite about a party's obligations to support a contempt citation for violating the order. *Ivy v. Keith*, 351 Ark. 269, 279, 92 S.W.3d 671, 677 (2002). But definiteness depends on context. These orders were definite enough in the circumstances presented. We do not face a dispute about whether expedited meant production in ten days or twenty. In that context, the order would not be definite enough. Whatever the precise meaning of expedited may be, taking seven months to produce materials you've promised to turn over "soon" is not expediting anything.

Holifield acknowledges that he knew what materials he had agreed to give his former employer. So there was no definiteness problem on what should have been produced. The question was when. The preponderance of the evidence supports the circuit court's answer: delaying an agreed production of documents for months and months in the face of a repeated court order to respond to discovery expeditiously was contemptuous.

Our court highlights the fact that Mullenax did not propound formal discovery under the Rules of Civil Procedure and suggests the necessity of doing so to make a contempt citation stick. I strongly disagree. And I am troubled by the message our court sends our Bar.

Lawyers and parties should cooperate in discovery. They must do so. Our law should encourage discovery by agreement. In the best traditions of the Arkansas Bar,

the lawyers here scheduled the depositions by agreement. There were no unexpected notices of deposition to produce one's client somewhere next week. Counsel tried to follow the same collegial process about the documents. The record shows, however, that Holifield slow-walked production notwithstanding his lawyer's efforts to follow through. Our court rules exist to help resolve lawsuits fairly, efficiently, and justly. But no rule can save us if lawyers and their clients do not work together to get the case resolved. We should not discourage this cooperation by requiring brothers and sisters at the Bar to blanket each other in paper discovery before a circuit court can sanction a party who broke his promise and violated a court order.

Holifield's conduct was troubling, as the circuit court found, for two more reasons. First, both parties were seeking summary judgment on an expedited basis. Holifield's materials were needed in that effort. Second, one of the recordings that Holifield belatedly produced contains statements by Holifield that seem inconsistent with his previously filed summary-judgment papers. These circumstances were an additional, and proper, basis for the circuit court holding Holifield (not his lawyer) in contempt.

2. The parties cite and wrestle with our recent decision in *Applegate v. Applegate*, 101 Ark.App. 289, 275 S.W.3d 682 (2008), on whether this citation was for civil or criminal contempt. We should also take this opportunity to clarify the holding, and disavow some *dicta*, in *Applegate*. There, the court ordered a former spouse to pay various marital debts, but set no timetable or deadline for payment. We reversed a later contempt citation for nonpayment. Rightly so, because the order did not provide a clear and definite time for repayment. 101 Ark.App. at 294–95, 275 S.W.3d

at 686. Moreover, the contempt citation contained no finding of wilful disobedience. *Ibid.* These holdings were correct.

But *Applegate* also contains some loose words. The opinion suggests that an unpurgable fine payable to another party can never be civil contempt. 101 Ark.App. at 294, 275 S.W.3d at 685–86. This suggestion is wrong. Civil contempt is often remedial, requiring payment of attorney's fees (for example) by a recalcitrant party to the party who needed discovery. *Applegate* recognizes this law earlier in the opinion. 101 Ark.App. at 293, 275 S.W.3d at 685. The Supreme Court and the Arkansas Supreme Court have both been clear on this point too. *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 631–32, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); *Omni Holding & Development Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 454, 156 S.W.3d 228, 238 (2004). Civil contempt can be either "compensatory or coercive in nature. A compensatory penalty is a remedial fine to compensate one party for the other party's noncompliance." Terry Crabtree, *Contempt Law in Arkansas*, 51 ARK. L. REV. 1, 4 (1998). Most Rule 37 sanctions present this kind of situation. We should therefore address and reject *Applegate's dicta*, which mistakenly says that civil contempt cannot include non-purgable fines payable to the other party. The fine assessed by the circuit court here, for example, presents precisely this situation: the $500.00 in attorney's fees was to compensate Mullenax for, and thus remedy, Holifield's noncompliance with the court's expedited-discovery order.

Judge PITTMAN and I respectfully dissent.