Cite as 2021 Ark. App. 272

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-20-478

| | |
|---|---|
| MISTY FOX | **Opinion Delivered** May 26, 2021 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION |
| V. | [NO. 60DR-15-2780] |
| ERIC FOX | HONORABLE W. MICHAEL REIF, JUDGE |
| APPELLEE | |
| | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Appellant Misty Fox appeals from a postdivorce domestic-relations order entered on March 24, 2020, that resolved all pending motions between Misty and appellee Eric Fox. On appeal, Misty argues the circuit court erred by (1) finding her in contempt on various grounds; (2) not finding Eric in contempt for failing to exercise visitation and custody and failing to timely submit to a deposition; (3) calculating the incorrect amount of child support and alimony; and (4) modifying visitation. We cannot reach the merits of her arguments at this time. Due to deficiencies, we must remand the case to settle and supplement the record and also order rebriefing.

Misty's second contempt-based argument on appeal is that the circuit court erred by finding her in contempt for violating the parties' August 2019 visitation order. Specifically, the circuit court found,

Mother is found in contempt for violating the August 8, 2019 Order by not doing the child exchanges in Conway in August 2019.

Neither the addendum nor the record presented on appeal includes an August 2019 order. However, the parties indicate that the August 8, 2019 "order" that the court references is actually an oral ruling from a hearing held on that date. The written order from that hearing was entered on September 10. Misty argues that "a judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2."[1] She contends that because the order requiring child exchanges to take place in Conway for the August 30 through September 2, 2019 visitation weekend was not yet entered at the time of her alleged contumacious action, it was not effective; consequently, she could not be held in contempt.

In order to establish contempt, there must be willful disobedience of a valid order of the court.[2] The order must be definite in its terms and clear about what duties it imposes.[3] Eric asserts that the August 8 oral ruling clearly ordered Misty to exchange the child in Conway for the August 30 visitation weekend. He contends that because Misty willfully disobeyed the clear and definite directive of the court issued on August 8 by failing to exchange in Conway, the circuit court's contempt finding should be upheld.

---

[1]*See* Ark. R. Civ. P. 58.

[2]*Potter v. Holmes*, 2020 Ark. App. 388, 609 S.W.3d 40.

[3]*Id.*

We have previously held that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted.[4] Because the record on appeal is missing the transcript of the August 8, 2019 proceeding, we remand to settle and supplement the record on this basis.

Furthermore, Arkansas Supreme Court Rule 4–2(a)(5) (2019) provides:

> The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

Without addressing the merit of Misty's argument, we find the transcript of the hearing held on August 8, 2019, referenced by the circuit court in its contempt finding on this issue and discussed in depth by both parties, necessary to fully evaluate and decide this particular issue on appeal.

We remand to the circuit court to settle and supplement the record with the omitted August 8, 2019 hearing transcript within thirty days. We also order Misty to file a substituted brief curing the abstracting deficiency within fifteen days from the date that the supplemental record is filed.[5] We encourage Misty to carefully review our rules to ensure that no other deficiencies exist, as any subsequent rebriefing order may result in affirmance of the order or judgment due to noncompliance with Rule 4–2.[6]

---

[4]*Green v. State*, 2014 Ark. App. 580.

[5]Ark. Sup. Ct. R. 4–2(b)(3).

[6]*See* Ark. Sup. Ct. R. 4–2(b)(3); *see also Carter v. Cline*, 2011 Ark. 266 (per curiam).

Remanded to settle and supplement the record; rebriefing ordered.

GLADWIN and VAUGHT, JJ., agree.

*Pinnacle Law Firm, PLLC*, by: *Matthew D. Campbell*, for appellant.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by; *Natalie Dickson* and *Lauren Hoover*, for appellee.