Cite as 2021 Ark. App. 416

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-20-478

| | |
|---|---|
| MISTY FOX<br><br>APPELLANT<br><br>V.<br><br>ERIC FOX<br><br>APPELLEE | **Opinion Delivered** October 27, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION [NO. 60DR-15-2780]<br><br>HONORABLE W. MICHAEL REIF, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## WAYMOND M. BROWN, Judge

Appellant Misty Fox appeals the March 24, 2020 postdivorce domestic-relations order of the Pulaski County Circuit Court that modified visitation, calculated child support and alimony arrearages, and issued rulings on various contempt motions.[1]  Although appellant asserts multiple grounds for reversal, we must dismiss without reaching the merits of her arguments because the appeal is taken from an order that is not final.

The parties have engaged in continuous litigation since their divorce in 2015. Pertinent to this appeal, in March 2018, the parties, who share one minor child, agreed to a new joint-custody arrangement.  However, shortly thereafter, on June 20, appellee Eric Fox filed a motion for change of custody asserting that, due to his increased travel schedule for work, he could no longer exercise custody or visitation with the child.  In response,

---

[1]We previously ordered rebriefing due to deficiencies in the abstract and record presented on appeal.  *See Fox v. Fox*, 2021 Ark. App. 272.

appellant filed a motion for contempt based on Eric's failure to comply with the March 2018 joint-custody order and for moving to change custody without first seeking mediation as required in their divorce decree.

In December 2018, following mediation and Eric's relocation out of state, the parties entered an agreed order giving Misty custody of the minor child subject to Eric's visitation of up to three days a month, upon fourteen days' advance notice. The agreed order further required the parties to exchange tax information and provided Misty the opportunity to depose Eric upon receipt of his tax information. Immediately following receipt of Eric's tax information, Misty sought to schedule a deposition regarding the tax information. In April 2019, due to Eric's refusal to submit to a deposition regarding the tax information as agreed in the December 2018 order, Misty filed another motion for contempt.

Also at that time, Eric filed a motion for contempt against Misty when he learned that she intended to relocate from Little Rock to Fayetteville. Then in September 2019, Eric filed a motion for change of custody and for contempt asserting that Misty contemptuously provided Eric's 2017 tax information to another person, posted negative things about him on social media, harassed him through the Our Family Wizard app, and failed to exchange the minor child in Conway as ordered for the August 2019 visitation. In response, Misty filed a motion for contempt based on Eric's failure to mediate prior to seeking a change of custody.

A hearing on the motions was held on December 11 and 12, 2019. Following the hearing, the circuit court entered an order; (1) finding that a material change in circumstances had occurred since entry of the last order; (2) finding a change of custody was

2

not in the best interest of the child; (3) modifying the parties' custody arrangement and visitation schedule to give Eric visitation with the child one weekend a month in addition to every spring break, summer break, and certain holidays; (4) calculating child support and alimony arrearages; (5) holding appellant in contempt for posting negative comments about appellee on social media, failing to exchange the child in Conway for the August 2019 visitation, disclosing appellee's 2017 tax information, sending inappropriate messages to appellee on Our Family Wizard, failing to timely notify appellee of her relocation from Little Rock to Northwest Arkansas and for not requesting that the court modify appellee's visitation prior to the move; (6) holding both parties in contempt for failing to mediate prior to filing change-of-custody motions; (7) holding appellee in contempt for failing to pay the minor child's medical bill; and (8) declining to hold appellee in contempt for failing to exercise visitation and timely submitting to a deposition. Additionally, the circuit court's order provided:

> Since both parties have been found in contempt, both parties may submit fee applications within ten days of entry of the Order regarding the contempt and the Court will assess fees based on the level of contempt of each party.

Following the deemed denial of appellant's motion for new trial filed pursuant to Rule 59 of the Arkansas Rules of Civil Procedure, she now timely appeals.

We must dismiss appellant's appeal because the circuit court's order is not final and appealable. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. For a judgment to be final, it must dismiss the parties from the court, discharge them from the

action, or conclude their rights to the subject matter in controversy.[2] An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.[3] Moreover, where the order reflects that further proceedings are pending, which do not involve collateral matters such as attorney's fees, the order is not final.[4] The underlying policy of this rule is to avoid piecemeal appeals; even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case.[5]

Generally, a finding of contempt is a final, appealable order.[6] However, an order of contempt is not final and appealable where no sanctions have been imposed.[7] An order merely announcing the court's determination of the rights of the parties, but contemplating further judicial action, is not appealable.[8] Also, the amount of the judgment must be computed, as near as may be, in dollars and cents, so as to be enforced by execution or some other appropriate manner.[9]

---

[2]*McIntosh v. McIntosh*, 2014 Ark. App. 723.

[3]*Id.*

[4]*Harold Ives Trucking Co. v. Pro. Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000).

[5]*Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000).

[6]*Holifield v. Mullenax Fin. & Tax Advisory Grp.*, 2009 Ark. App. 280, 307 S.W.3d 608.

[7]*See Taylor v. Taylor*, 26 Ark. App. 31, 758 S.W.2d 222 (1988); *see also Shafer v. Est. of Shafer*, 2010 Ark. App. 476.

[8]*Shafer, supra.*

[9]*Allen v. Allen*, 99 Ark. App. 292, 259 S.W.3d 280 (2007).

In the case at bar, the circuit court announced findings of contempt yet did not impose sanctions for the contempt. Instead, the court instructed the parties to submit fee applications upon which the court would review and assess fees accordingly. Because this has not been done, the contempt matter is still pending. Consequently, we dismiss the appeal without prejudice for lack of a final order.

Dismissed without prejudice.

WHITEAKER and HIXSON, JJ., agree.

*Pinnacle Law Firm, PLLC*, by: *Matthew D. Campbell*, for appellant.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Natalie Dickson* and *Lauren Hoover*, for appellee.